(No. 34953.—

HUBERT E. HARTSMAN, Appellee, *vs.* FRANK ABBORENO, Appellant.

*Opinion filed January 22, 1960—Rehearing denied March 28, 1960.*

HUGH M. MATCHETT, of Chicago, for appellant.

JOSEPH I. BULGER, G. J. DEVANNA, and FRANCIS A. FANELLI, all of Chicago, for appellee.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

This is a suit to quiet title to a lot in Chicago, brought by plaintiff, Hubert E. Hartsman, against the defendant, Frank Abboreno. The trial court struck the amended answer and counterclaim. When defendant failed to further plead within the time fixed he was defaulted, the amended complaint was taken as confessed and a decree was entered. A freehold is involved.

This litigation commenced October 10, 1956. Originally, each party charged the other with slander of title. The amended complaint seeks to quiet title against the defendant. The latter filed his first amended answer thereto and a second amended counterclaim by which he denies plaintiff's title, asserts ownership in himself and alleges slander of title. He added two individuals and a corporation as counterdefendants and accused them of wilful removal of the buildings from the lot. Defendant then prays for a declaratory judgment that he is the owner, that the deeds in plaintiff's chain of title be declared null and void, that plaintiff be enjoined from slandering his title, for accounting for damages and punitive damages.

The individual counterdefendants filed an answer denying the allegations of the second amended counterclaim. The corporate counterdefendant joined the plaintiff in motions to strike the answer and counterclaim. They assert that much of the answer amounts to a plea of the general issue in violation of section 35 of the Civil Practice Act and was identical with a previous answer which had been stricken on motion; that defendant is guilty of *laches,* and that he seeks but does not offer to do equity. It is further charged that the counterclaim does not state a cause of action, that conclusions are pleaded and that defendant is estopped from making a claim at such a late date.

The motions were argued and an order entered on April 23, 1958, allowing the motions to strike the answer and counterclaim and granting the defendant eight days to file pleadings to the complaint. He failed to plead, was defaulted, and by a decree entered May 14, 1958, plaintiff's complaint was taken as confessed. Many other motions were thereafter filed, including one to vacate the decree, but it is unnecessary to detail them prior to examining plaintiff's charge, among others, that the defendant's pleadings show on their face that he is guilty of *laches.*

The defendant alleges that Santo and Anna Penicaro

owned the subject property as joint tenants subject to two deeds of trust, the notes secured thereby being owned by Joseph Abboreno; that on December 19, 1929, they executed a warranty deed to Joseph Abboreno in lieu of foreclosure; that Joseph died on October 19, 1933, leaving the defendant Frank Abboreno, and six other children; that a daughter Margaret took a deed from three of the other children in 1938 and conveyed 4/7 interest to Catherine Sanfilippo in 1943; that Catherine then took a deed from two of the remaining children on September 14, 1943, and executed a deed to 6/7 interest to the defendant on October 26, 1956. Defendant further alleges that one John Hagen entered the premises on September 1, 1943, as a tenant under him and his predecessors in title and attorned and paid rent to them until May 30, 1945, and alleges no other rent payments thereafter except for the month of February, 1952. He admits that John Hagen paid rent continuously to one Hooper, a predecessor in plaintiff's chain of title, and successive grantees from June 1, 1945, until Hagen's death on March 29, 1956, except for the one month. He asserts that since he never consented that Hagen attorn or pay rent to the plaintiff or anyone else, he retained possession through Hagen's tenancy. He pleads no circumstances in justification of his failure to take any action or do anything to assert title from 1945 to 1956. He makes no allegation of a payment or attempted payment of any taxes or special assessments until February 13, 1958, long after this suit was filed.

Plaintiff and his predecessors in title, on the other hand, have collected rent since 1945 and in our opinion the record bears out his contention that they have been in peaceful possession at all times since. In addition, a suit was filed by the city of Chicago to foreclose a lien of special assessments against Hagen, and others, plaintiff's predecessors in title, which resulted in a decree and sale of the premises on July 5, 1954. Plaintiff redeemed on February 10, 1955,

by paying $218.90. He also paid $750 in back general taxes against the premises for the years 1944 to 1954, both inclusive. Defendant at no time alleges a tender to plaintiff of funds expended for the sale redemption and payment of back taxes. In fact, he shows a contrary intention by asserting that plaintiff is a volunteer.

Under these circumstances, the defendant's failure to question the title of plaintiff and his predecessors which is based upon an execution levy and sale in 1928 and a bailiff's deed thereunder, constitutes an unreasonable delay. The defendant stood idly by while rents were paid to another for over eleven years and made no claim until the tenant died. He permitted considerable sums to be paid out to redeem from tax sales without offering to reimburse. No excuse for this delay appears or is pleaded and plaintiff's motion to strike specifically points out the defect. We are of the opinion that the defendant's amended answer and second amended counterclaim were vulnerable to the motion to strike. In *Holland* v. *Richards,* 4 Ill.2d 570, we held that the defense of *laches* can be raised by a motion to dismiss if: (1) an unreasonable delay appears on the face of the pleading; (2) no sufficient excuse for delay appears or is pleaded; and (3) the motion specifically points out the defect. All three of these elements being present in this case, the trial court properly struck defendant's pleadings.

Defendant's claim that he is entitled to protection as a *bona fide* purchaser for value without notice is totally without foundation. His deed to 6/7 interest was dated October 26, 1956, 16 days after this suit was filed and 9 days after he had been served with summons.

We are of the opinion that from the facts well pleaded, the trial court was amply justified in striking defendant's pleadings. Accordingly, the decree of the superior court of Cook County is affirmed.

*Decree affirmed.*