THE PEOPLE *ex rel.* ALEX J. PETLOCK, Plaintiff-Appellee, *v.* JAMES J. McDONOUGH *et al.,* Defendants-Appellants.

(No. 54362; )

First District—January 22, 1971.

Raymond F. Simon, Corporation Counsel, of Chicago, (Marvin E. Aspen and Howard C. Goldman, Assistants Corporation Counsel, of counsel,) for appellants.

Michael F. Ryan, of Chicago, (Robert A. Deane, of counsel,) for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendants appeal from the entry of a summary judgment ordering that a writ of mandamus issue commanding them to pay to the plaintiff salary illegally withheld from November 11, 1968, to December 19, 1968.

Plaintiff was employed as a machinist in the classified service of the Bureau of Equipment, Department of Streets and Sanitation of the City of Chicago. He continued to perform the duties and receive the salary appropriated for machinists until November 11, 1968, on which date he was suspended by the acting superintendent of the Bureau of Equipment. In his complaint the plaintiff alleged that he personally examined the records of the Civil Service Commission and his record only showed the word "suspension." There was not notice or approval of the suspension by the Acting Commissioner of the Department of Streets and Sanitation, nor were any written charges filed or notice of any charges given to the plaintiff by the Acting Commissioner.

On December 10, 1968, plaintiff, by his attorney, sent a letter to the Acting Commissioner informing him of plaintiff's suspension and requesting his immediate reinstatement and payment of all back wages.

On December 11, 1968, a similar letter was sent to the members of the Civil Service Commission.

On December 19, 1968, plaintiff received a letter from the Acting Commissioner dated December 17, 1968, stating that he was to report "back to work as Machinist with the Bureau of Equipment Service, Department of Streets and Sanitation following your suspension expiring December 10, 1968." Plaintiff returned to work on December 23, 1968.

On appeal defendants contend that the court erred in ordering them to pay plaintiff's back wages. They argue that plaintiff's suspension was legal and proper.*

Illinois Revised Statutes, 1967, ch. 24, par. 10—1—18, states in part:

*Removal-Suspension-Retirement.*] par. 10—1—18. Except as hereinafter provided in this section, no officer or employee in the classified civil service of any municipality who is appointed under the rules and after examination, shall be removed or discharged, or suspended for a period of more than 30 days, except for cause upon written charges and after an opportunity to be heard in his own defense.

In the instant case the plaintiff was suspended on November 11, 1968. On December 10, 1968, his attorney notified the Acting Commissioner that the plaintiff demanded immediate reinstatement and the payment of all back wages. However, it was not until December 19, 1968, that the plaintiff received a letter from the Acting Commissioner notifying him that his suspension had expired on December 10, 1968. This letter, dated December 17, 1968, was the first response that plaintiff received that his suspension had formally ended. Thus plaintiff's actual suspension period lasted from November 11 until December 19, 1968, which was a total of thirty-nine days. He was therefore entitled to receive written charges and be heard in his own defense as provided by statute. Since defendants failed to comply with these procedures, we find that plaintiff's suspension was illegal. We further find no error in the trial court's entry of the judgment order.

We would point out that as alleged by plaintiff, no dates were stamped on his suspension record. It would seem advisable that if a suspension is to be for thirty days or less, the worker's record be stamped with the date of suspension and the date of reinstatement.

The judgment is affirmed.

Judgment affirmed.

STAMOS, P. J., and ENGLISH, J., concur.

---

* During oral argument defendants' counsel conceded that plaintiff was legally entitled to receive nine days of back pay, from December 11 to December 19, 1968. However, counsel continued to argue that the order granting plaintiff back wages from November 11, 1968, was erroneous.