THE PEOPLE *ex rel.* FRANCIS J. HEAVEY, Plaintiff-Appellee, Cross-Appellant, *v.* JOSEPH H. FITZGERALD, Commissioner of the Department of Buildings of the City of Chicago, *et al.,* Defendants-Appellants, Cross-Appellees.

(No. 56851;

First District (3rd Division)—February 1, 1973.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Robert R. Retke, Assistant Corporation Counsel, of counsel,) for appellants.

Francis J. Heavey, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The defendants appeal from a judgment of the circuit court of Cook County ordering that a writ of *mandamus* issue commanding them to restore the relator to his position with the Department of Buildings of the City of Chicago and commanding them to pay the relator his salary for the period of May 8, 1971, through May 28, 1971. The relator cross-appeals from that part of the judgment granting him his salary only for the 20-day period.

On appeal the defendants, Joseph H. Fitzgerald, Commissioner of the Department of Buildings of the City of Chicago, Otto H. Loser, Comptroller of the City of Chicago, and Joseph Bertrand, Treasurer of the City of Chicago, contend that the relator was guilty of *laches* in filing his complaint for *mandamus* and that the trial court erred in denying defendants' motion to strike and dismiss the complaint. On cross-appeal the relator, Francis J. Heavey, contends that the trial court erred in not ordering the defendants to pay him his salary from May 8, 1970, the date on which he was suspended from his job in the Department of Buildings, to May 28, 1971, the date on which the defendants were served with process in the present suit.

We affirm.

The relator, Francis J. Heavey, was employed by the Department of Buildings as a Code Enforcement Supervisor, a civil service position. Heavey had held this position for over a year when he received a written notice of suspension and was suspended on May 8, 1970. At the time of his suspension Heavey had been indicted, and criminal charges were pending against him. Previous to his suspension, Heavey had worked for the Department of Buildings for 12 years.

The evidence adduced at the hearing on defendants' motion to strike and dismiss showed that in June or July of 1970 Heavey went to the Department of Buildings and spoke with two Assistant Commissioners, Mr. Brick and Mr. Duffy, about being returned to work. At that time, Mr. Brick, who had known Heavey for more than 14 years, aided him in preparing a letter requesting that he be reinstated in his job. Heavey then spoke with Mr. Duffy, who handled some of the legal affairs of the Department, and he told Heavey that a letter was not necessary. Duffey also informed him that everything would be cleared up as soon as the criminal charges were over and that he should not worry. Likewise, Brick

told Heavey several times that he would be reinstated as soon as the criminal charges were cleared up.

On May 6, 1971, Heavey was cleared of all criminal charges against him. The next day, a Friday, he went to the office of the Commissioner of Buildings to request reinstatement, but the Commissioner was not in. The next Monday morning he presented a letter to Duffy requesting reinstatement. Duffy then asked the relator if he would take a one-year leave of absence, and Heavey refused. No further action had been taken by the defendants concerning Heavey's restoration when he filed this suit on May 26, 1971.

The defendants filed a motion to strike and dismiss the complaint for *mandamus* because of *laches*. After a hearing in which testimony was received, the trial court resolved the issue of *laches* in favor of the relator and granted the defendants leave to answer the complaint and then to amend its answer. The trial court ordered the relator to be restored to his position and ordered the defendants to pay him his salary from May 8, 1971, the day after he went to the Department of Buildings to request reinstatement, until May 28, 1971, when the defendants were served with process.

The record shows that Heavey was not told by any of his superiors that he would be paid for the time he was suspended. During his suspension, his duties were performed by someone else in the Department of Buildings. The Department never filed formal charges against Heavey with the Civil Service Commission, nor did it inform him that he should take any action to protect his job rights, nor did it discharge him.

■■ The defendants contend that the relator was guilty of *laches* because he did not file his suit for *mandamus* until over 11 months had passed from the end of the 30-day statutory period after which no employee in a classified civil service position may be suspended except for cause upon written charges and after an opportunity to be heard in his own defense. (Ill. Rev. Stat. 1969, ch. 24, par. 10—1—18.) Notwithstanding the fact that Heavey's suspension past the 30-day period was unlawful (*People ex rel. Petlock v. McDonough* (1971), 131 Ill.App.2d 469, 268 N.E.2d 267), the defendants argue that the relator should have filed his suit on or soon after June 8, 1970, one month after he was suspended.

■■ *Laches* is the neglect or omission to assert a right which, taken in conjunction with a lapse of time and circumstances causing prejudice to the opposite party, will operate as a bar to a suit. (*People ex rel. Cronin v. Cahill* (1969), 118 Ill.App.2d 18, 254 N.E.2d 161.) Defendants argue that since the relator did not file suit within six months of June 8, 1970, his suit should be barred. Reliance is placed on the rule found in *People ex rel. Ballinger v. O'Connor* (1957), 13 Ill.App.2d 317, 142 N.E.

2d 144, and *People ex rel. Cifaldi v. Wilson* (1962), 38 Ill.App.2d 302, 187 N.E.2d 353, that a six-month time limitation has been placed on *mandamus* actions unless a reasonable excuse is shown for the delay. It is important to note that in both *Ballinger* and *Cifaldi* the relator was *discharged* by action of the Commissioner of Police in conjunction with the Civil Service Commission, and the six-month time limitation was applied to bar *mandamus* actions seeking reinstatement. In those cases the six-month rule was established to prevent prejudice to governmental bodies in which orderly procedures might be disturbed and disadvantages to third parties might result unless employees seeking reinstatement made their claims promptly known. The six-month rule has also been applied to bar a *mandamus* action where the relator who was formerly employed by the Department of Buildings failed to file suit within six months after his one-year leave of absence had expired. In that case, *People ex rel. Sullivan v. Smith* (1971), 272 N.E.2d 755, before taking a leave of absence relator was suspended, and civil service charges were filed against him, which were later dropped. There was testimony that consideration for the withdrawal of charges was the ultimate abandonment by the relator of his position.

In *Kadon v. Board of Fire and Police Commrs.* (1964), 45 Ill.App.2d 425, 195 N.E.2d 751, the court refused to apply the six-month rule to bar a declaratory judgment action by a fireman seeking priority on a promotional eligibility list based on an alleged illegal examination. The court in *Kadon* stated there was no fixed rule as to what amounted to *laches* but that its existence was to be determined by the facts and circumstances of each case. The factors which were listed are as follows:

> "* * * (1) Conduct on the part of the defendant giving rise to the situation of which complaint is made and for which the complainant seeks a remedy; (2) delay in asserting the complainant's rights, the complainant having had notice or knowledge of defendant's conduct and the opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit, and (4) injury or prejudice to the defendant in the event relief is accorded to the complainant or the suit is held not to be barred. *Kadon v. Board of Fire and Police Commrs.* (1964), 45 Ill.App.2d 425, 431, 195 N.E.2d 751, 754."

The six-month rule is more susceptible of application to cases such as *Ballinger* and *Cifaldi* in which the relator was discharged by action of the Civil Service Commission and the Commissioner of Police. In those cases the relators' status vis-a-vis the Police Department had been administratively determined, and channels were open for review. In the

instant case, defendants would have us apply the six-month rule beginning with the end of the 30-day statutory period. The six-month period could just as reasonably begin at the date of Heavey's suspension. In any event, no matter which date is used, if the six-month rule is applied, Heavey is guilty of *laches* unless a reasonable excuse is found for the delay. Our decision in the instant case could be reached by application of the six-month rule or by application of the factors set out in *Kadon*, because the factors used to determine whether a reasonable excuse is present are similar to the factors used to determine *laches*.

■■ After hearing testimony in the present case addressed solely to the issue of *laches*, the trial court denied the defendants' motion to strike and dismiss the relator's complaint. The question of *laches* is addressed to the sound discretion of the trial court, and reviewing courts will not set aside its determination unless there is an abuse of discretion. *Kadon v. Board of Fire and Police Commrs.* (1964), 45 Ill.App.2d 425, 195 N.E.2d 751.

The record shows that the relator believed that he would be reinstated in his position upon the conclusion of the criminal proceedings. This was a reasonable belief in light of the facts that Heavey was suspended soon after the criminal proceedings began, and his superiors represented to him that he need not take any action to protect his job rights, because he would be reinstated as soon as he was cleared of the criminal charges.

The defendants argue that Heavey could not have reasonably relied on the conversations he had with his superiors in the Department of Buildings. In support of this contention defendants cite *McGowan v. City of Chicago* (1913), 178 Ill.App. 76, and *People ex rel. Ballinger v. O'Connor* (1957), 13 Ill.App.2d 317, 142 N.E.2d 144. Both cases are distinguishable. *McGowan* involved a writ of *mandamus* to compel the City to restore McGowan to the rank of sergeant from which he had allegedly been improperly removed. In finding *laches*, the court held that indefinite promises of reinstatement made to McGowan by his superiors and threats of discharge from the Police Department if he demanded reinstatement were not sufficient excuses to delay filing suit for 10 years. *Ballinger* involved a suit for *mandamus* by a discharged probationary police officer to compel his restoration as a patrolman. The relator unsuccessfully contended that his excuse for the delay in filing suit was his reliance on the vague statement of a surgeon that if the relator would bring him a clean bill of health, he (the surgeon) would see what he could do.

■■ In the instant case, suit was filed approximately one year after the relator was suspended and immediately after being cleared of the criminal charges against him, and it was reasonable for Heavey to rely on

the statements of his superiors in the Department of Buildings, given his uncertain job status following his suspension.

In his cross-appeal, the relator contends that the trial court erred in not computing his back salary from the date of his suspension. The defendants argue that the cross-appeal should be dismissed on procedural grounds. The judgment order was entered by the trial court on September 28, 1971. The defendants filed their notice of appeal on October 28, 1971. On June 28, 1972, the relator filed a motion requesting an extension of time for filing notice of cross-appeal, which motion was granted over defendants' objection. Defendants argue that the time requirements of Supreme Court Rules 303(a) and 303(e) preclude the filing of realtor's notice of cross-appeal. Because we have decided to dismiss the cross-appeal on the merits, we need not decide defendants' procedural objections.

■■ At the hearing on defendants' motion to strike and dismiss, Heavey testified on cross-examination that nobody from the Department of Buildings ever told him that when he returned to work he would be paid his back salary. It is apparent from the record that Heavey expected to be restored to his position as soon as the criminal charges against him were cleared up, and only upon restoration did he expect to be paid his prospective salary. The representations of Brick and Duffy concerned the relator's job rights in the future and did not mention anything about Heavey's loss of salary during his suspension. Heavey did not perform any duties for the Department of Buildings during his suspension. Therefore, we find no error in the trial court's order restricting the grant of back salary to the 20-day period.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY, P. J., and McNAMARA, J., concur.