THE PEOPLE ex rel. ALVIA MAXWELL, Plaintiff-Appellee, v. JAMES B. CONLISK, JR. et al., Defendants-Appellants.

(No. 57143;

First District (2nd Division)—December 18, 1973.

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellants.

Coghlan & Joyce, of Chicago (William J. Nellis, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Alvia Maxwell (relator) filed this action for a writ of mandamus to compel payment, *inter alia*, of salary allegedly due him for a thirty-day period while suspended as a police officer by order of the Superintendent of Police of the City of Chicago. The trial court ordered that the relator receive his salary for the said thirty-day period and further ordered that the suspension order of the Superintendant of Police be reversed and the same be stricken from relator's police department record. Defendants appeal.

The Superintendent's order does not physically appear of record on this appeal, but the trial court had a copy thereof before it at the hearing on the writ of mandamus, which counsel for both parties agreed the court could employ in determining the matter. The pertinent portions of that order which were read into the record by the trial court are as follows:

"Patrolman Alvia Maxwell, * * *, is hereby suspended for a minimum of thirty days and pending hearing and disposition by the Police Board of charges in which his dismissal from the Department is sought for his unbecoming conduct * * *."

Relator's suspension took effect December 12, 1970, and in July, 1971, when the charges filed against relator before the Police Board came on for a hearing, they were withdrawn by the police department. In August, 1971, relator served a demand upon the defendants for all back pay from the commencement date of the suspension through July 12, 1971. It appears that relator was in fact paid all salaries allegedly due during that period except for the initial thirty days of the suspension.

The defendants contend on this appeal that relator is not entitled to back pay for the initial thirty-day period of the suspension, since ordering the suspension for that period was discretionary with the Superintendent, since that suspension was expressly authorized by the Illinois Municipal Code, and since it has not been shown that the Superintendent acted arbitrarily or capriciously or that he exceeded his authority in ordering the suspension (Ill. Rev. Stat. 1971, ch. 24, par. 10—1—18.1). Relator contends that the suspension was unlawful in that relator was not proceeded against in accordance with the statute, that the suspension was unlawful in its entirety, and that the Superintendent did not act within the authority granted by the statute, entitling relator to his full back salary.

Section 10—1—18 of the Municipal Code provides for the removal,

suspension or retirement of officers and employees in the classified civil service of municipalities; that section specifically provides that it does not apply to the suspension, removal or discharge of officers and civilian employees of the police department in the classified civil service of a municipality with a population exceeding 500,000 persons; the latter persons are governed by section 10—1—18.1 of the Code (Ill. Rev. Stat. 1971, ch. 24, pars. 10—1—18, 10—1—18.1). Both sections provide that the respectively affected officer or employee may not be suspended for more than thirty days, discharged, or removed, except for cause upon written charges and an opportunity to be heard in his own behalf. Section 10—1—18 goes on to provide that nothing in that division of the Code limits the power of "any officer to suspend a subordinate for a reasonable period, not exceeding 30 days except that any employee or officer suspended for more than five days or suspended within six months after a previous suspension shall be entitled, upon request, to a hearing before the civil service commission concerning the propriety of such suspension." The sister provision in section 10—1—18.1, on the other hand, simply recites that "[n]othing in this Section limits the power of the superintendent to suspend a subordinate for a reasonable period, not exceeding 30 days," without providing for a period of time after which the affected subordinate could challenge that suspension, as does section 10—1—18.

It has been held that a municipal employee may not, in a mandamus action, seek back pay for an allegedly illegal "administrative suspension" lasting less than the number of days which section 10—1—18 of the Code designates must elapse before such suspension may be challenged before the civil service commission (*People ex rel. Blanks v. Ruddell*, 1 Ill.App.3d 662, 274 N.E.2d 835). The suspension with which the court in Ruddell was dealing was governed by that provision of section 10—1—18 (1967) dealing with suspensions "for a reasonable period, not exceeding 30 days except that any employee or officer suspended for more than 7 days * * * shall be entitled * * * to a hearing * * *." The court on review reversed the lower court's judgment entered for the employee.

In the case of *People ex rel. Petlock v. McDonough*, 131 Ill.App.2d 469, 268 N.E.2d 267, the plaintiff, a City of Chicago employee in the Department of Streets and Sanitation, was suspended for a period of thirty-nine days, without charges having been made or without the acting commissioner of the department having taken any action on the suspension. This court affirmed the lower court's judgment in the mandamus action which ordered payment to plaintiff of thirty-nine days wages (rather than only nine days wages), the court on review stating that the de-

fendants' failure to proceed against the plaintiff in accordance with the provisions of section 10—1—18 of the Code rendered the suspension illegal. As compared to the *Ruddell* case, *supra*, the court in *Petlock* was not concerned with an administrative suspension, but rather was concerned with a suspension governed by that portion of section 10—1—18 dealing with suspensions of "a period of more than 30 days." (The *Petlock* and the *Ruddell* cases were decided by the same division of this court within eight months of each other.)

■■ A concrete distinction has therefore been drawn between the rights of a municipal employee or police officer governed by section 10—1—18 of the Municipal Code regarding administrative suspensions, on the one hand, and suspensions extending beyond the period of thirty days, on the other. With one exception here relevant, the same distinction in those rights may be made between that provision of section 10—1—18.1 of the Code involving administrative suspensions and that provision involving suspensions extending beyond thirty days, since those two sections were enacted by the legislature and since section 10—1—18 in fact directly refers to section 10—1—18.1 in certain respects. The exception noted above is that a police officer or a civilian employee of the police department of a municipality having a population in excess of 500,000 is not provided a procedure whereby he may contest an administrative suspension, whereas all other civil service employees of such a municipality and all police officers and civil service employees of municipalities with a population *under* 500,000 may contest an administrative suspension of over five days or where the suspension occurs within six months of a prior suspension. Since relator is a police officer governed by the provisions of section 10—1—18.1 of the Code, because he is employed by the Chicago Police Department (the City of Chicago presently being the sole municipality in Illinois having a population in excess of 500,000 persons), interpretation of the language concerning the duration of the suspension ordered by the Superintendent of Police in the instant matter is necessary to determine whether relator does or does not have standing to contest the legality of the first thirty days of suspension, and, thus, to demand back salary for that period.

Section 10—1—18.1 grants the Superintendent of Police authority to suspend a subordinate for "a reasonable period, not exceeding 30 days." The term "reasonable period" is modified by "not exceeding 30 days," and consequently the Superintendent is not authorized to order a suspension for a period of greater duration than 30 days. See *e.g.*, *Western National Bank v. Village of Kildeer*, 19 Ill.2d 342, 350, 167 N.E.2d 169, *re* interpretation and construction of statutes.

■■ The order of the Superintendent in the instant matter suspended

the relator "for a minimum of thirty days and pending hearing and disposition by the Police Board of charges * * *." The term "minimum" has been defined by the Illinois Supreme Court as "the least quantity assignable, admissible, or possible in a given case—opposed to *maximum*." (Emphasis Supreme Court's.) (*Board of Education v. Page*, 33 Ill.2d 372, 377, 211 N.E.2d 361.) The phrase "a minimum of thirty days" in the instant order must be read in connection with the following "pending hearing and disposition" phrase since they are joined by the conjunctive "and." Consequently, the Superintendent's order suspends relator for a period in excess of thirty days since it was made subject to action by the Police Board. Of further note is the fact that the tenor of the suspension order is not that of an administrative disciplinary action, but rather, as the order itself recites, Police Board action seeking relator's dismissal from the force. The instant suspension, in its inception, constituted action falling under the "for more than 30 days" provision of section 10—1—18.1, rather than under the Superintendent's administrative authority to suspend "not exceeding 30 days." The statute not having been complied with as to notice, hearing, and the like, as therein provided, relator was entitled to his entire back salary and all other resultant benefits. See *People ex rel. Petlock v. McDonough, supra.*

In *People ex rel. Lazar v. Conlisk*, 14 Ill.App.3d 950 303 N.E.2d 768, this court considered the question of the suspension of a Chicago policeman. Lazar received an initial thirty-day suspension by the Superintendent of Police and he was subsequently officially charged and suspended by the Police Board for one year. This court found the original suspension order to be valid under section 10—1—18.1 and that Lazar failed to demonstrate that the Superintendent's order was invalid. Under those circumstances, this court held that Lazar was not entitled to his salary for the first thirty-day period. We find that the differences in the Superintendent's suspension orders distinguish *Lazar* from our present holding.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.