JOSEPH BOBIN, Plaintiff-Appellant, *v.* IRMA TAUBER *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 61501

Opinion filed November 18, 1976.—Rehearing denied March 1, 1977.

Marcia Hope Zeidman and Samuel E. Hirsch, both of Chicago, for appellant.

Malcolm M. Gaynor and Narcisse A. Brown, both of Chicago (Schwartz, Cooper, Kolb & Gaynor, Chartered, of counsel), for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Joseph Bobin, brought this action in equity seeking the reconveyance of the beneficial interest in a certain land trust. After hearing all of the evidence, the trial court ordered that plaintiff's amended complaint be dismissed for want of equity and plaintiff now appeals.

Plaintiff contends on appeal that the trial court erred in ruling that plaintiff's claim was barred by unclean hands and laches and in thus ordering his claim dismissed for want of equity.

We affirm.

In dismissing plaintiff's amended complaint the trial court filed a lengthy memorandum opinion containing numerous findings of fact, many of which are essentially undisputed and clearly supported by the record. We will first set forth these facts and then proceed to the testimony of the various witnesses which illustrates the disputed questions of fact.

On April 24, 1950, plaintiff, Joseph Bobin, purchased a 20-acre tract of farm land known as the Gary Road Farm. Plaintiff purchased this property with $12,000 of his own funds and took title in the name of his wife, Mildred Bobin. Approximately three years after its purchase, the Gary Road Farm was placed in a land trust with Pioneer Trust & Savings Bank as trustee and with Joseph Bobin as the sole beneficiary.

Several years later, in 1959, plaintiff injured six people in a serious automobile accident and these people filed suit against plaintiff. All of these suits terminated in a negotiated settlement in which Joseph Bobin's insurance company paid the $20,000 coverage limit and Joseph Bobin paid $7,500 out of his own funds.

Two years after the settlement of the above claims, on March 28, 1962, plaintiff assigned to Irma Tauber, plaintiff's niece and defendant in the instant cause, the entire beneficial interest in the Gary Road Farm. At approximately the same time as the above assignment of the Gary Road Farm, plaintiff and his wife, Mildred Bobin, assigned to Irma Tauber the beneficial interest in their home on Harding Avenue in Chicago (hereinafter referred to as the Harding Avenue property).

In the years that followed the assignment of the beneficial interest in the Gary Road Farm, the plaintiff continued in possession of the farm, made permanent improvements and necessary repairs at substantial expense, paid the taxes, utilities and insurance for the farm and continued to collect the rents and profits from the farm. The defendants did not request nor did they receive an accounting from the plaintiff of the operation of the farm. In fact, defendants, Irma Tauber and her husband Richard Tauber, never visited the farm prior to 1968. In 1968, however, while plaintiff Joseph Bobin was hospitalized for several months, Richard Tauber took over the management of the farm at the request of plaintiff.

Similarly, from the date of the assignment of the beneficial interest in the Harding Avenue property to Irma Tauber, plaintiff and his wife continued to occupy the Harding Avenue property, paid the taxes and other expenses and made repairs and improvements on the home without paying any rent or accounting to the defendants.

In 1968 Mildred Bobin sued Joseph Bobin for divorce. In his sworn deposition, taken on August 29, 1968 in connection with the divorce proceedings, Joseph Bobin stated under oath as follows: that he owed his brother Leo Bobin (the father of Irma Tauber) and the Taubers money around the time of the Korean War when he started an automobile business; that Leo Bobin and the Taubers assisted him financially and he could not repay them; that in order to settle the personal injury claims against him in 1962 they advanced him over $10,000; and that in order to repay them Joseph Bobin sold them the Harding Avenue property. In the same sworn deposition in the divorce case, Joseph Bobin stated that Irma Tauber owned the Gary Road Farm and that he claimed no interest in that farm, that he maintained the farm, paid the insurance on it and in return Irma let him keep 14 of his horses on the farm.

Concurrently with the filing of her complaint for divorce, Mildred Bobin sued Irma Tauber for the return of the beneficial interest in the Harding Avenue property. In answer to interrogatories Irma Tauber

maintained that the assignment of the beneficial interest in the Harding Avenue home was in payment for monies advanced by her father, Leo Bobin, to Joseph Bobin to help settle Joseph Bobin's personal injury suit. In 1968, the suit for divorce was dismissed, Joseph Bobin and his wife were reconciled and Irma Tauber reassigned to Mildred Bobin the beneficial interest in the Harding Avenue property.

The trial court further indicated in its memorandum opinion that the instant suit was initiated on April 29, 1971, that shortly thereafter, on May 27, 1971, Leo Bobin was adjudicated incompetent, and that on December 25, 1971 Leo Bobin died.

While the above facts are essentially without dispute, the testimony of the various witnesses revealed several areas of conflict. Joseph Bobin testified that due to the suit arising out of the accident in 1959 and other suits against him, he could obtain only $10,000 property and $20,000 personal injury liability insurance coverage for an automobile business that he owned. Although he had no outstanding claims against him, Joseph Bobin was uncomfortable with his inability to obtain higher insurance coverage. In the early part of 1962, plaintiff had conversations with Leo Bobin and Richard Tauber concerning his insurance problems. Sometime shortly before March of 1962, Joseph Bobin informed Richard Tauber that he was worried because he had an accident and could not obtain his usual $300,000 coverage. Plaintiff told Richard Tauber that he had talked to Leo Bobin and that Leo had said it would be a good idea to take the farm out of his name and put it in Irma's name. Four or five days later, plaintiff went to talk to Irma Tauber at her farm on Bradley Road in Libertyville and explained his insurance problems. Irma said she would be glad to take the property in her name and that when plaintiff had resolved his insurance problems she would return the property to plaintiff. Plaintiff then had another conversation with Richard Tauber at plaintiff's home. At this time, Richard Tauber agreed that the property should be placed in Irma's name and placed back in the plaintiff's name when plaintiff's difficulties in obtaining insurance had ended. Although plaintiff testified that he regained his $300,000 insurance coverage in 1963, he stated that he first asked Irma and Richard Tauber to return the farm to him in 1967. Plaintiff further testified that in 1970 while visiting Leo Bobin at a nursing home he again talked to Irma Tauber who stated that plaintiff would have to talk to her husband. Plaintiff then went with Richard Tauber to see Leo who said they would talk the following week and get everything straightened out. However, nothing was ever done.

Plaintiff further testified that from 1962 through 1966 he collected income from the property, sold worms, raised ponies, and harvested various crops. Plaintiff stated that the income earned on the farm was reinvested in the farm and that Irma Tauber never provided any money

to run the farm. Plaintiff was sick from 1965 to 1968 and was in the hospital in the latter part of 1968 and early part of 1969. Richard Tauber ran the farm and paid the taxes and bills on the property after 1969. Tauber used the income from the farm to pay the expenses.

As to the source of the money used to settle the suits arising out of the accident in 1959, Joseph Bobin explained that his brother Leo gave him $10,000. However, plaintiff testified that this $10,000 was part of plaintiff's own money that Leo was keeping for him. Joseph Bobin earned this money in dealing with stocks and bonds in 1922 and kept it in a safety deposit box from 1922 to 1952 when he gave it to Leo Bobin so that Leo could start a finance company.

Plaintiff admitted stating in his sworn deposition in the divorce proceedings that defendant Irma Tauber, not he, owned the Gary Road Farm. However, plaintiff explained that his attorneys advised him to say this and that he was a sick man at that time and did not know what he was doing.

Earle Rappaport, Jr., an attorney who represented Joseph Bobin in the divorce proceedings in 1968, testified that in 1968 he had a conversation in his office with Joseph Bobin concerning the divorce proceedings. At this conversation, Joseph Bobin stated that Irma Tauber, not he or his wife, owned the Harding Avenue property and that the Gary Road Farm was transferred to Irma Tauber because plaintiff's brother, Leo Bobin, had given plaintiff money to dispose of certain personal injury claims pending against him.

Alfred Edelman, a partner of Earle Rappaport, Jr., also represented Joseph Bobin in the divorce proceedings and testified that he had several conversations with Mr. Bobin concerning the divorce case and reviewed the complaint for divorce with Joseph Bobin. At that time Mr. Bobin denied owning the Harding Avenue property and the Gary Road Farm. Mr. Bobin said Irma Tauber owned the Gary Road Farm, that Mr. Bobin had sold the farm to Leo Bobin in repayment for monies Leo advanced him to settle the personal injury claims pending against him in 1960. Mr. Edelman further testified that he never told Joseph Bobin what to say in the divorce case.

Irma Tauber testified that she had no personal knowledge concerning the reason or consideration for the transfer of the beneficial interest in the farm. The transaction was handled by her father who handled all her business affairs. Mrs. Tauber further testified that she never discussed the Gary Road Farm with Joseph Bobin. Although Joseph Bobin testified that he had a conversation with Mrs. Tauber at her farm in Libertyville in 1962, Mrs. Tauber stated that she did not live at the Libertyville farm until 1964. Irma Tauber's testimony again clashed with that of plaintiff when Irma stated that in March of 1962 her parents were in Florida. In this

regard, Irma's testimony was supported by that of Harry Albert who resides in Florida and who testified that he was staying at the same hotel in Florida as Leo Bobin in 1962 and that he saw Leo Bobin in Florida almost every day from January to April of 1962.

Richard Tauber testified that he had no conversation with the plaintiff in February or March of 1962 concerning plaintiff's insurance problems. Richard Tauber did remember a conversation with the plaintiff in which the plaintiff stated that he was having Mildred Bobin sign documents in order to transfer the property to Irma Tauber. However, the plaintiff did not indicate why he was going to transfer the property to Irma Tauber's name. Richard Tauber further testified that he first visited the Gary Road Farm in 1968; that he first included the income from the farm in his income tax returns for the year 1968; and that he had paid the taxes on the farm since 1968. Prior to 1968, Joseph Bobin occupied the farm and paid the taxes for the farm. During this time plaintiff paid no rent for the farm.

After hearing all of the above evidence, the trial court issued a memorandum opinion which noted the conflict in testimony concerning the reason for the transfer of the Gary Road Farm. However, the trial court made no finding concerning the exact reason for the transfer of the Gary Road Farm and instead dismissed plaintiff's complaint for want of equity. The trial court found as follows: (1) that due to plaintiff's sworn testimony in the divorce proceedings which was intended to defraud his wife of her marital rights, plaintiff was estopped from claiming ownership in the Gary Road Farm; and (2) that plaintiff was guilty of laches in suing eight years after the assignment of the beneficial interest in the Gary Road Farm. In explaining its ruling that plaintiff was guilty of laches, the trial court reasoned as follows:

"The assignment by the plaintiff to defendant, Irma L. Tauber, of his beneficial interest in the farm occurred in 1962. The instant suit was commenced April 29, 1971, a delay of over eight years. In 1968, in a suit by Mildred Bobin against Irma L. Tauber for reassignment of the beneficial interest in the Harding Avenue home, plaintiff was put on notice that Irma L. Tauber claimed ownership of the beneficial interest in the farm as well as in the Harding Avenue home. Leo [Bobin] was then available as a witness. The later incompetency and the ultimate death of Leo Bobin deprived the defendants of the testimony of one who would have been a material witness in the proceedings. Was Joseph J. Bobin indebted to his brother, Leo Bobin, or vice-versa? Was the assignment of the beneficial interest in the farm and in the Harding Avenue home payment for Joseph's indebtedness to Leo, or as a means of protecting these properties from possible future creditors? Did Leo direct Joseph to assign his beneficial interest in

the farm and in the home to his daughter, Irma? Did Irma L. Tauber agree to reassign the beneficial interest in these properties to Joseph J. Bobin upon his demand?"

The trial court never answered the above questions and clearly indicated in its memorandum opinion that had Leo Bobin been available to testify, such testimony would have been of great assistance in answering these questions. We agree. After examining the record in the instant case we find the testimony lengthy, conflicting and confusing. We further find it evident from all of the testimony at trial that plaintiff's brother, Leo Bobin, was a key witness whose testimony would have been of great assistance to the trial court. However, Leo Bobin was found incompetent several months after the initiation of plaintiff's suit and died during the suit's pendency.

■■■ Laches is such neglect or omission to assert a right, taken in conjunction with a lapse of time of more or less duration and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity. (*Slatin's Properties, Inc. v. Hassler* (1972), 53 Ill. 2d 325, 291 N.E.2d 641.) Laches is an equitable doctrine to be invoked in the discretion of the court, and a finding by the trial court that a party is guilty of laches will not be disturbed on review unless this determination is so clearly wrong as to constitute an abuse of discretion. (*People ex rel. Heavey v. Fitzgerald* (1973), 10 Ill. App. 3d 24, 293 N.E.2d 705.) There is no absolute rule by which laches can be determined, and what facts will combine to constitute laches depends upon the circumstances of each case. (*People ex rel. Fleming v. Conlisk* (1973), 11 Ill. App. 3d 520, 299 N.E.2d 537.) However, laches is not available as a defense unless defendant was prejudiced by plaintiff's delay in bringing his claim (*Martin v. Comer* (1975), 25 Ill. App. 3d 1038, 324 N.E.2d 240) and that plaintiff have knowledge of the facts on which his claim is based. (*Gill v. Gill* (1972), 8 Ill. App. 3d 625, 290 N.E.2d 897.) However, it is not necessary that plaintiff have actual knowledge of the specific facts upon which his claim is based. If the circumstances are such that a reasonable person would make inquiry concerning these facts, a party will be charged with laches if he fails to ascertain the truth through readily available channels. (*Zegers v. Zegers, Inc.* (1976), 38 Ill. App. 3d 546, 348 N.E.2d 210.) The rule of laches is particularly applicable where the difficulty of doing entire justice arises through the death of one of the parties to the transaction in question. *Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 147 N.E.2d 341.

The trial court specifically found that plaintiff was put on notice in 1968 that defendants were claiming the farm as their own and that in 1968, over three years before Leo Bobin was declared incompetent, Leo Bobin was available as a witness. Both of these findings are supported by the

record. In 1968 Richard Tauber first began paying taxes on the farm and first included rents from the farm as income on his tax returns. Furthermore, in 1968 Irma Tauber, in answer to interrogatories in another case claimed the Harding Avenue property as her own. Even if plaintiff had no knowledge in 1968 of the specific facts upon which his claim was based, the above circumstances were such that plaintiff should have made inquiry concerning defendants' intentions regarding the farm. Had plaintiff filed suit as soon as he was put on notice that defendants were claiming as their own the Gary Road Farm, Leo Bobin would have been available as a witness and competent to testify.

■■ The trial court's finding that plaintiff was guilty of laches is not so clearly wrong as to constitute an abuse of discretion and for that reason we affirm the trial court's order dismissing plaintiff's complaint for want of equity.

Order affirmed.

MEJDA, P. J., and DEMPSEY, J., concur.