GRACE N. BECKHAM, Plaintiff-Appellee, *v.* MARTHA L. TATE *et al.*, Defendants-Appellants.

Fifth District   No. 77-289

Opinion filed July 3, 1978.

Frank H. Walker, of Mt. Vernon, for appellants.

Miller, Pfaff & Garner, of Salem, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendants, heirs of Isaac Hill and their descendants, appeal from an order of the circuit court of Marion County declaring that defendants have no right or interest in certain described property and dismissing defendants' amended counterclaim.

On September 16, 1976, plaintiff Grace N. Beckham, formerly Grace N. Fosnaugh, filed a suit to quiet title to certain property in Marion County, Illinois. Plaintiff claimed exclusive title to the property by virtue of a warranty deed executed on April 7, 1936, and recorded on June 3, 1937. The grantors of said property were the plaintiff's stepmother (the widow of Isaac Hill) and plaintiff's seven brothers and sisters (the other seven children of Isaac Hill) and their respective spouses. The deed, absolute on its face, purports to convey the described premises, encumbered only by a mortgage to the Federal Land Bank, to plaintiff for the stated consideration of one dollar. On September 15, 1961, Braden Hill, one of the original grantors, executed and filed in the county recorder's office an affidavit reciting that the only consideration for the April 7, 1936, conveyance was an oral agreement by plaintiff to hold the title to said premises in trust for the benefit of the heirs of Isaac Hill. The affidavit further alleged that there had been a total failure of consideration which had just come to the affiant's knowledge. The trial court specifically found that this affidavit constituted a cloud upon the plaintiff's title of record which greatly diminished the value and interfered with the sale of the property.

Fifteen years after the filing of the affidavit, plaintiff instituted this action to quiet title to the property. In response defendants filed a counterclaim to establish a constructive or resulting trust of the property in favor of the heirs of Isaac Hill. Plaintiff countered by a motion for judgment on the pleadings. On November 30, 1976, defendants acknowledged that plaintiff's motion for judgment on the pleadings was well taken and requested leave to file an amended answer and counterclaim which was granted by the court on December 15, 1976. Defendants' amended answer and counterclaim was similarly met with a motion for judgment on the pleadings. On February 17, 1977, the trial court entered a decree dismissing defendants' amended counterclaim on the basis of laches and ordered that plaintiff's title be quieted, established and confirmed. It is from this order that defendants appeal.

Since we agree with the trial court that defendants' amended counterclaim is barred by laches, we need not consider whether defendants' factual pleading was itself sufficient to withstand a motion to dismiss, or alternatively, whether parol evidence of a contemporaneous oral agreement would have ultimately been admissible to establish a constructive trust. Thus, we shall confine the remainder of our discussion to the equitable doctrine of laches as it applies to this case.

■■ Defendants contend that it was error to dismiss their amended counterclaim since the September 1, 1961, affidavit was filed within the 40-year limitation period provided in Ill. Rev. Stat. 1975, ch. 83, par. 12.1. They further argue that a finding of laches may only be made upon a full trial on the merits of the case. We disagree on both counts. Although equity generally follows the law in applying statutes of limitation (*Walker v. Ray*, 111 Ill. 315, 319), laches may bar an action even within the statutory period. (*Slatin's Properties, Inc. v. Hassler*, 53 Ill. 2d 325, 291 N.E.2d 641; *Atwater v. Atwater*, 18 Ill. App. 3d 202, 309 N.E.2d 632.) However, laches short of the statutory limitation period will bar relief only "where, from all the circumstances in evidence, to grant the relief to which the complainant would otherwise be entitled would presumptively be inequitable and unjust because of the delay * * *." (*Dixmoor Golf Club, Inc. v. Evans*, 325 Ill. 612, 622, 156 N.E. 785.) In such cases laches will not be available as a defense unless the party pleading it has been prejudiced by the delay occasioned by the other party. (*Martin v. Comer*, 25 Ill. App. 3d 1038, 324 N.E.2d 240; *Colucci v. Chicago Crime Com.*, 31 Ill. App. 3d 802, 334 N.E.2d 461.) In this case plaintiff's pleadings and memoranda in support thereof adequately demonstrate the manner in which plaintiff's position has worsened as a result of defendants' delay in claiming their constructive trust. Not only have 40 years passed since the critical events which might establish the constructive trust theory, but several of the grantors, including Braden Hill whose affidavit challenging plaintiff's absolute title to the property was filed 25 years subsequent to

the conveyance, have since died. (See *Bobin v. Tauber*, 45 Ill. App. 3d 831, 360 N.E.2d 368.) In addition, it is undisputed that plaintiff has paid the mortgage on the property since her either actual of constructive possession of it in 1936. Finally, the property in question has greatly appreciated in value during the time in which defendants sat on their claim.

■■ Defendants contend that if they are guilty of laches in pursuit of their rights in the property, then plaintiff should also be found guilty of laches in waiting 15 years after the filing of the 1961 affidavit to institute the quiet title action. While we agree that there is some logic to this assertion, we acknowledge that laches is an equitable doctrine to be invoked or rejected in the trial court's discretion. Moreover, the decision of the trial court to apply or not to apply the doctrine will not be disturbed unless a clear abuse of discretion appears. (*Evans v. Woodsworth*, 213 Ill. 404, 72 N.E. 1082; *Worley v. Ehret*, 36 Ill. App. 3d 48, 343 N.E.2d 237; *People ex rel. Heavey v. Fitzgerald*, 10 Ill. App. 3d 24, 293 N.E.2d 705; *Bobin v. Tauber*, 45 Ill. App. 3d 831, 360 N.E.2d 368.) Laches related to the first 25-year period from the date of the conveyance to the date of the Braden Hill affidavit; therefore, the inaction of plaintiff during the subsequent 15 years is of no consequence. In any case, we cannot say the trial court abused its discretion when it barred defendants' amended counterclaim on the basis of laches.

■■ The crux of defendants' argument on appeal is that the trial court erred in deciding this cause on plaintiff's motion rather than after a trial on the merits. Defendants contend that the question of laches can only be determined after a full hearing on the facts. We note initially that a motion for judgment on the pleadings presents the question whether there is any issue of material facts presented by the pleadings and, if not, the question as to which party is entitled to judgment. (30 Ill. L. & Prac. *Pleading* §186 (1957).) Furthermore, the issue of laches may properly be determined on a motion to dismiss if its applicability appears from the face of the complaint or by affidavits submitted with the motion. (*Dixon v. Cahill*, 10 Ill. App. 3d 779, 295 N.E.2d 349; *Schoenbrod v. Rosenthal*, 36 Ill. App. 2d 112, 183 N.E.2d 188.) Thus, whether or not laches may properly be found on the pleadings alone, either by a motion to dismiss or an analogous motion such as for judgment on the pleadings, depends on the factual allegations contained therein.

From the face of plaintiff's complaint it appears that she was conveyed the property in question by warranty deed signed by the several grantors and dated April 7, 1936. It further appears that no interest of record was retained by the grantors in said deed. The complaint also alleges that the affiavit filed by Braden Hill in 1961 constituted a cloud upon plaintiff's title. In their amended answer and counterclaim defendants admitted the

execution of the warranty deed and the payment of the mortgage by plaintiff. They also admitted the death of several of the grantors since the conveyance in question. The amended counterclaim alleged in pertinent part that contrary to her oral agreement to hold the property in trust for the benefit of the heirs of Isaac Hill, the plaintiff refused to allow defendants to share in the proceeds from the property, that through the years various counterplaintiffs requested the counterdefendant to comply with her oral agreement but that Grace Beckham repeatedly refused to do so or promised to distribute the proceeds at some unspecified date in the future.

■■■ We must emphasize that nowhere in defendants' pleadings is there any explanation for either the 25-year delay in filing the 1961 affidavit or the 15-year delay subsequent to the affidavit. Various opinions by Illinois courts have established that one who has been guilty of a long delay in the assertion of a claim must plead circumstances in justification of such failure or suffer the consequences of not so pleading. (*Walker v. Ray,* 111 Ill. 315; *Streeter v. Gamble,* 298 Ill. 332, 131 N.E. 589; *Hartsman v. Abboreno,* 18 Ill. 2d 467, 165 N.E.2d 338; *Shapiro v. Grosby,* 25 Ill. 2d 245, 184 N.E.2d 855.) The pleadings having presented no question of fact regarding the 25-year delay in filing the Braden Hill affidavit, we find the trial court could properly decide the issues of laches on the pleadings in this case.

Defendants strenuously argue that the case of *Malunney v. Meade,* 45 Ill. App. 3d 473, 359 N.E.2d 1091, is controlling here. We disagree. Although generally the facts in that case coincide with the facts in the instant case, the court in *Malluney* specifically found that the action of defendant-constructive trustee did not put the plaintiffs on notice that a claim existed until 1970, not 1950 as claimed by defendants in *Malunney.* Quite the opposite is true in this case. Indeed, defendants-counterplaintiffs allege in their amended counterclaim that plaintiff Grace Beckham refused to abide by the oral trust agreement throughout the years. The trial court evidently found that at some point during the ensuing 40 years counterplaintiffs were under an obligation to disbelieve Grace Beckham's promise to pay later and pursue their claim in court.

For the foregoing reasons the judgment of the circuit court of Marion County is affirmed.

Affirmed.

EBERSPACHER, P. J., and KARNS, J., concur.