Dolan Dining Co., Inc., a corporation of New Jersey, complainant-respondent,

*v.*

Cooks' and Assistants' Union, Local No. 399, A. F. of L., Joseph A. Longo, Steve Bukowski, Francis Day and Monty Rich, defendants-appellants.

[Submitted May term, 1940. Decided October 10th, 1940.]

*Mr. Solomon Golat* and *David R. Hochberg,* for the defendants-appellants.

*Mr. Samuel H. Nelson,* for the complainant-respondent.

The opinion of the court was delivered by

WOLFSKEIL, J.

This appeal is from a decree advised by the vice-chancellor to whom the case was referred, awarding costs and counsel fee to complainant-respondent. The contention is that no determinative hearing took place on issues which were controverted and hence there could not be a basis upon which to predicate such an award.

In the bill of complaint respondent sought in substance to enjoin defendants-appellants from picketing the business of respondent. A preliminary injunction was granted. The order for the injunction was reversed by this court on the ground that there was a dispute of facts which, under firmly established precedent, debarred the granting of injunctive

relief in such a posture. On the day fixed for final hearing, the defendants-appellants requested leave to file an amended answer to set forth that subsequent to issuance of the injunction, all questions of difference between the parties had been concluded, resulting in the elimination of any issue and rendering the subject of the hearing moot. Complainant-respondent asked for costs and counsel fee because of the expense involved in preparing the case. Appellants resisted this, stating they also had been subjected to expense in similar manner and were ready to proceed with the hearing if necessary. The learned vice-chancellor determined there was no occasion for a hearing, since there was nothing to decide, and he dismissed the bill without a hearing. He concluded also that the bill had stated a good cause of action which had not been challenged by motion to strike, and that assuming the facts to have been as alleged in the bill, the complainant was not to be deprived of costs if prior to the hearing there was an abandonment and cessation by defendants of the acts complained of in the bill. A counsel fee of $500 and costs were awarded to complainant.

Allowance of costs and counsel fee is within the discretion of the trial court. Except for an impelling reason, the exercise of that discretion is not ordinarily disturbed. It is nevertheless subject to review, for manifestly the allowance must rest on some justification, with an element of evident or adjudicated merit on the side to which the allowance is made.

In this case the allegations of complainant were opposed by defendants, creating definite issues which were not resolved as a litigated matter, leaving the meritorious questions judicially undetermined. It would seem premature and lacking in tangible foundation to infer a conclusion of merit on one side or the other in the absence of the requisite procedure for such a finding.

The award of counsel fee and costs to complainant impliedly assumes some determination in favor of complainant. But the reversal of the order for the preliminary injunction overruled that assumption, since it virtually decided the pleaded cause of action of complainant had not been proved.

The grant of costs and counsel fee by analogy is associated with and based upon the assumption inherent in the decree which has been declared unsupportable, and hence the allowance through logical consequence is equally untenable.

The decree for counsel fee and costs to the complainant-respondent is therefore reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, HAGUE, JJ. 13.