TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF
HUDSON, ANGELO J. SARUBBI, DIRECTOR OF PUBLIC
WORKS AND WILBUR J. ROSS, DIRECTOR OF REVE-
NUE AND FINANCE, APPELLANTS, v. DEPARTMENT
OF CIVIL SERVICE OF THE STATE OF NEW JERSEY,
JOHN H. FARBER, JOHN BURKE AND CHARLES
MAZZEI, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 1, 1956—Decided October 15, 1956.

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Nicholas S. Schloeder* argued the cause for appellants.

*Mr. John F. Crane* argued the cause for respondent Department of Civil Service (*Mr. Grover C. Richman, Jr.,* Attorney-General; *Mr. David Landau* on the brief).

*Mr. Anthony J. Armore* argued the cause for respondents John H. Farber, John Burke and Charles Mazzei (*Mr. Max A. Boxer,* attorney).

The opinion of the court was delivered by

CLAPP, S. J. A. D.   The Township of North Bergen and two of its officials appeal from a decision of the Civil Service Commission reinstating three of the township's employees, John H. Farber, John Burke and Charles Mazzei, who had been previously discharged by the township.   North Bergen had adopted civil service in 1947, and the three persons named are protected by the civil service law.

Following an election and a change in the township's administration, these employees had been discharged for purposes (so it was stated by the township) of "economy and efficiency," even though the township retained other employees in their respective classifications with less seniority. Their positions were not abolished.

Farber, a principal clerk since 1935, has for years had no assignment, except with respect to drives such as the cancer drive. It is quite significant to note that he apparently had no other assignment at the time the new administration took over and that this administration does not seem to have given him any. Burke, a building maintenance repairman, is 70–74 years of age and, because of his age and physical condition, allegedly does and has done little or no work, except to rake leaves and act as a lookout when a building was being torn down. However he has reported every day for work. Mazzei, a laborer, is 77 years of age. He testified that he has never done and could not do any laboring work, but that he has served as a watchman three or four times a week, staying an hour or so.

■ North Bergen could not discharge or lay off these employees except in compliance with the law and the rules of the Civil Service Department. The laws and rules indicate that there were two courses of action available to the township under the circumstances, neither of which was complied with.

First, *N. J. S. A.* 11:22–38 or 11:22–46 and *Civil Service Rule* 59 authorize a municipality subject to civil service to take proceedings to remove employees for inefficiency—that is, as stated in the rule, in case of

"* * * (c) Incompetency or inefficiency in the service or incapacity due to mental or physical disability."

But in such a case there must be a written statement of reasons. *Cf. Sullivan v. Roe*, 18 *N. J.* 156, 161 (1955). North Bergen did not endeavor to comply with this procedural safeguard here.

Second, however, if North Bergen does not adopt this first course of action, it is obliged to comply with *Civil Service Rule* 57, implementing *N. J. S. A.* 11:22–10.1 and 11:22–37, which reads in part as follows:

"When it becomes necessary in any department, through lack of work or funds or for other causes, to reduce the number of employees

in a given class, emergency, temporary and seasonal employees, if any, shall be laid off first and in the order named, and thereafter the least efficient permanent employees as shown by the service ratings for the twelve months period immediately preceding the lay-off date shall be the next to be laid off. In the absence of satisfactory service ratings lay-off shall be in the order of seniority, the person or persons last appointed being the first laid off. If, however, the lay-off is made in accordance with the service ratings, one point for each of the past five years of service and one-half point for each additional year of service up to fifteen years may be added to the averaged service ratings for the year preceding the date of lay-off in finally determining the order of such lay-off. In all cases where veterans are involved the veteran shall be retained regardless of his service ratings in preference to a non-veteran having equal seniority * * *."

No attempt was made in this case to introduce into evidence employee efficiency service ratings with respect to the three employees. It did however appear, as above stated, that they were permanent employees and that there were other employees in their respective classifications junior to them; in other words lay-offs were not made in the order of seniority, as required by *Rule 57*. In addition, Farber apparently was a veteran and was therefore entitled to such additional protection as is afforded by the rule cited and *N. J. S. A.* 11:27–8 and 11:27–9 and 38:16–1. For the reasons indicated, the discharges or lay-offs cannot be sustained.

North Bergen contends it has some inherent or implied authority to discharge these employees for inefficiency apart from the provisions of the statutes and rules above cited. But this contention is without merit.

Municipal authorities should proceed diligently to prevent inefficiency and *sinecuriam* and to take appropriate action in the case of "no-doers" (as they are called in political parlance—distinguish "no-showers"). Nevertheless civil service rights should be dealt with in accordance with the procedures provided in the civil service law. The policies underlying that law are too familiar to warrant restatement here.

Affirmed.