79 N.J. Super. 142 (1963)
190 A.2d 891
ANDREW J. McALEER, PLAINTIFF-APPELLANT,
v.
JERSEY CITY INCINERATOR AUTHORITY, ETC., DEFENDANT-RESPONDENT. JOHN DONEVERO, ET AL., PLAINTIFFS, AND JOHN J. CASSERLY AND HARRY MORSE, PLAINTIFFS-APPELLANTS,
v.
JERSEY CITY INCINERATOR AUTHORITY, ETC., DEFENDANT-RESPONDENT.
[Docket Nos. L-15483-60, L-7317-60].
Superior Court of New Jersey, Appellate Division.
Argued April 22, 1963.
Decided May 10, 1963.
*144 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. Clive S. Cummis argued the cause for appellants (Messrs. Feinberg, Dee & Feinberg, attorneys for appellant Andrew J. McAleer; Messrs. Schiff, Cummis & Kent, attorneys for appellants John J. Casserly and Harry Morse).
Mr. John F. Gillick argued the cause for respondent.
*145 The opinion of the court was delivered by SULLIVAN, J.A.D.
Plaintiffs appeal the dismissal of their suits (consolidated for purposes of trial) seeking (1) reinstatement as employees of defendant Jersey City Incinerator Authority, and (2) an award of "back pay from the date of discharge until the date of reinstatement plus interest and cost of suit."
During the pendency of the suits, one of the plaintiffs, John J. Casserly, died, and his widow has been substituted as "Administrator ad prosequendum." The Casserly suit therefore is limited to a claim for "back pay" up to the date of his death.
The basic facts are undisputed. Defendant is a public body politic and corporate created pursuant to the provisions of N.J.S.A. 40:66(A)-1 et seq. Its function is the collection and disposal of garbage and other refuse matter for the City of Jersey City. Plaintiffs, honorably discharged war veterans, were employed by defendant Incinerator Authority for terms not fixed by law. All were members of Local 825 of the International Union of Operating Engineers. On October 8, 1960 members of that union went out on strike against the Incinerator Authority and established a picket line. As a result of the strike the Incinerator plant was shut down. The plant superintendent requested the strikers to "come back to work," but they refused to do so. A court order enjoining the strike was obtained and the plant reopened on October 17, 1960. However, full operations were not resumed until October 31, 1960. After the strike ended, the men returned to their jobs. However, several of them, including plaintiffs, were refused further employment by defendant although they requested to be taken back. Plaintiffs then filed the instant suits claiming that as veterans they had tenure in their employment and that they had been wrongfully discharged by defendant without notice or hearing, in violation of the Veterans' Tenure Act, N.J.S.A. 38:16-1 et seq.
The trial court held that defendant Authority was a public body, that its employees had no right to strike; the strike of *146 October 8, 1960 was illegal, and plaintiffs had participated in it.
In determining that plaintiffs were not entitled to the relief sought, the trial court held that (1) plaintiffs were not discharged or removed by defendant Authority, but that it was plaintiffs' voluntary act which terminated their employment; (2) plaintiffs' failure to return to work on October 8, 1960 was tantamount to abandonment of their employment, and (3) by their conduct plaintiffs removed themselves from the protective limits of the Veterans' Tenure Act. The opinion of the trial court is reported at 75 N.J. Super. 217 (Law Div. 1962).
Preliminarily, it is to be noted that the Veterans' Tenure Act applies to employees of the various governmental agencies and authorities engaged in the discharge of a public function. DeVita v. Housing Authority of Paterson, 17 N.J. 350, 358-359 (1955). Therefore, plaintiffs, in their employment by defendant Authority, were entitled to invoke the protection of said act unless it be determined that they terminated or abandoned their employment.
We agree with the trial court's ruling that defendant Authority was a public body, its employees had no right to strike, the strike of October 8, 1960 was illegal, and that plaintiffs had participated in it.
Defendant Authority was established by the City of Jersey City to administer a necessary governmental operation, the collection and disposal of garbage and other refuse. A strike against defendant Authority was a strike against the municipal government itself and was illegal. Public employees have no right to strike. See Annotation, "Union Organization and Activities of Public Employees," 31 A.L.R.2d 1142 (1953). The uninterrupted carrying out of governmental functions is vital to the public health and welfare. Strikes against government cannot be tolerated. Norwalk Teachers' Association v. Board of Education, 138 Conn. 269, 83 A.2d 482, 31 A.L.R.2d 1133 (Sup. Ct. Err. 1951).
*147 The trial court found that plaintiffs, by participating in the unlawful strike and refusing to return to work on October 8, 1960 after being requested to do so, terminated their own employment, i.e., resigned from their jobs. We cannot agree. Termination of employment is a matter of intent. Plaintiffs' participation in the strike was no indication either in fact or in law of any intent to terminate employment. Indeed, plaintiffs' actions at, during, and immediately after the strike belie any such intent.
The trial court also held that plaintiffs' actions were tantamount to abandonment of their employment. Again we are concerned with intent. Our cases dealing with abandonment of employment by a public employee stress that the abandonment must be total and absolute, and that temporary nonuser or neglect of duty is not ordinarily sufficient to sustain an inference of abandonment. Vanderbach v. Hudson County Board of Taxation, 133 N.J.L. 126 (E. & A. 1945); State Highway Dept. v. Civil Service Commission, 35 N.J. 320 (1961). Thus viewed, plaintiffs' actions, even though illegal, cannot be held to constitute an abandonment of their employment.
The third ground on which the trial court rested its ruling was that plaintiffs could not claim tenure under the Veterans' Tenure Act because by their conduct they had removed themselves from the protective limits of the act. Amplifying on this part of its ruling, the trial court stated that "these valuable and preferential individual rights [veterans' tenure rights] cannot be accorded recognition when the veteran's conduct is contrary to public policy." In effect, therefore, the trial court ruled that plaintiffs, by participating in the illegal strike against defendant Authority, had forfeited their rights under the Veterans' Tenure Act.
We do not agree with this ruling. The Veterans' Tenure Act protects a veteran against removal from public employment except for good cause shown, after a fair and impartial hearing. A veteran's conduct may constitute good cause under the act for his removal from employment. However, *148 to say that his conduct acts as a forfeiture of his right to a hearing aborts the design and purpose of the act.
We conclude that plaintiffs' participation in the strike against defendant Authority did not constitute a voluntary termination of their employment, an abandonment of such employment, or a forfeiture of their rights under the Veterans' Tenure Act.
When the strike ended and plaintiffs sought to return to work, defendant Authority could, at that time, have preferred charges against plaintiffs and given them a hearing. Defendant's refusal to take plaintiffs back, without more, amounted to a removal of plaintiffs from their employment without a hearing in violation of the provisions of the Veterans' Tenure Act. Without such a hearing it could not be determined whether good cause for removal did or did not exist.
Because of its ruling, the trial court found it unnecessary to resolve plaintiffs' claims for "back pay." This matter, therefore, will have to be remanded for consideration and a determination of whether or not and to what extent, if any, plaintiffs are entitled to "back pay." Cf. McGrath v. Jersey City, 38 N.J. 31 (1962); Graham v. Asbury Park, 37 N.J. 166 (1962); Miele v. McGuire, 31 N.J. 339 (1960); see Note, 15 Rutgers L. Rev. 516 (1961).
The judgment in favor of defendant is set aside and the matter remanded to the trial court for further proceedings in conformity with this opinion.