89 N.J. Super. 38 (1965)
213 A.2d 313
JOHN S. ROMANOWSKI, PLAINTIFF-RESPONDENT,
v.
BOARD OF EDUCATION OF THE CITY OF JERSEY CITY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 13, 1965.
Decided September 24, 1965.
*39 Before Judges SULLIVAN, LEWIS and KOLOVSKY.
Mr. William A. Massa argued the cause for appellant (Mr. John J. Witkowski, attorney).
Mr. Frederick J. Fox argued the cause for respondent.
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
Defendant Board of Education of the City of Jersey City (board) appeals from a judgment of the trial court that the board lacked the power to temporarily suspend its business manager, who has been indicted for malfeasance in office, "pending and abiding the final disposition of the aforesaid indictments."
On July 1, 1958 plaintiff was appointed business manager of defendant board for a one-year term. He resigned said office on October 31, 1958, and on the same date was reappointed to the same office without fixed term. He is admittedly under tenure in said office.
On April 11, 1961 the Hudson County grand jury returned five indictments charging plaintiff with malfeasance in office. Plaintiff was not suspended at that time. (Eight members of the then board were also indicted.)
*40 Plaintiff was tried on one of the indictments, was convicted on June 12, 1962, and forfeited his office by virtue of N.J.S. 2A:135-9. The conviction was reversed on June 1, 1964 by the Supreme Court, which held that the charges contained in the indictment had not been proved and that the motions for acquittal should have been granted. State v. General Restoration Co. Inc., 42 N.J. 366 (1964). Plaintiff was thereupon restored to his office.
Pending the appeal to the Supreme Court, plaintiff was tried on another one of the indictments and, at the conclusion of the State's case, was acquitted on motion. There still remain untried, three indictments against plaintiff. On July 15, 1964 defendant board, by resolution which noted the remaining indictments against plaintiff, suspended him as business manager "pending and abiding the final disposition of the aforesaid indictments."
Plaintiff thereupon filed the instant suit, charging that the board had no power to suspend him except pursuant to N.J.S.A. 18:5-51 and after written charges had been preferred against him and after hearing thereon. The trial court ruled that the board's power to suspend plaintiff was controlled by N.J.S.A. 18:5-51 and that the challenged action was "plainly violative" of the statute. Judgment was entered declaring that the resolution suspending plaintiff was invalid.
We conclude that the trial court erred in holding that defendant board's power to suspend plaintiff pending the outcome of the indictments against him was controlled and limited by N.J.S.A. 18:5-51. We find this statute to be inapplicable to the situation here presented. The provision therein for suspension manifestly refers to a suspension imposed as a punishment for neglect, misbehavior or other offense. The statute requires that written charges be preferred, a hearing conducted in accordance with the Tenure Employees Hearing Act and a finding that the charges are true in fact. Incidentally, under the hearing act, N.J.S.A. 18:3-28, the person against whom departmental charges have *41 been preferred and certified to the Commissioner of Education may be suspended pending determination of the same.
The foregoing statutory provisions dealing with departmental charges have no application to a situation where, as here, a business manager of a board of education has been indicted for malfeasance in office. If he is convicted he will forfeit his office by virtue of N.J.S. 2A:135-9. While there is no specific statutory authorization for his temporary suspension pending the outcome of the criminal charges, it is generally held that the board or body involved has inherent power to suspend a public officer indicted for malfeasance in office. Am. Jur., Public Officers, sec. 242. Indeed, it would seem that the public welfare requires that such officer should not be permitted to continue to exercise the powers and duties of the very office he has been charged with criminally misusing while the criminal charges remain unresolved. Cf. Russo v. Walsh, 18 N.J. 205 (1955); DeMarco v. Board of Chosen Freeholders of Bergen County, 21 N.J. 136 (1956); D'Ippolito v. Maguire, 33 N.J. Super. 477 (App. Div. 1955); Vanderbach v. Hudson County Board of Taxation, 133 N.J.L. 499 (Sup. Ct. 1946), affirmed 135 N.J.L. 349 (E. & A. 1947).
Plaintiff will not be prejudiced by the temporary suspension since it is conceded by defendant board that if he is ultimately acquitted of the criminal charges, he will be entitled to compensation for the period of his temporary suspension under N.J.S.A. 18:5-49.1.
Plaintiff argues that the same matters contained in the pending indictments could have been set forth in written departmental charges under N.J.S.A. 18:5-51. However, as heretofore noted, plaintiff, if convicted, would forfeit his office, so that there would be no purpose to a departmental hearing pursuant to N.J.S.A. 18:5-51.
The foregoing discussion also applies to plaintiff's contention that his suspension is illegal under the Veterans' Tenure Act, N.J.S.A. 38:16-1 et seq.
*42 We are constrained to note that the indictments in question have been pending since 1961. If they are not moved for trial forthwith, or some other disposition made with regard to them, the procedures available under R.R. 3:11-3(b) should be utilized.
Reversed; no costs.