163 N.J. Super. 152 (1978)
394 A.2d 383
NORMAN WILLIS, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
MARGARET J. DYER AND HAROLD BEIDLEMAN, INDIVIDUALLY, TOWNSHIP COMMITTEE OF THE TOWNSHIP OF CLINTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS AND CROSS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1978.
Decided October 19, 1978.
*156 Before Judges MATTHEWS, KOLE and MILMED.
Mr. Robert M. Cain argued the cause for appellants and cross-respondents (Messrs. Felter and Cain, attorneys; Mr. William A. Shurts on the brief).
Mr. Robert I. Kuchinsky argued the cause for respondent and cross-appellant.
The opinion of the court was delivered by KOLE, J.A.D.
Plaintiff was an employee of the Road Department of defendant Township of Clinton (township), a non-Civil Service municipality. On December 18, 1975 he was summarily dismissed from his employment after having worked for the Department for about 15 years.
On January 19, 1976 plaintiff notified the township that he was a veteran entitled to the benefits of the Veterans' Tenure Act, N.J.S.A. 38:16-1 and 2 (the act). The trial judge properly held that until it had thus been made aware of plaintiff's veteran status, the township had no duty to proceed against plaintiff under that act before dismissing him; that its duty in this respect did not arise until January *157 19, 1976, and thus his dismissal or removal for the period from December 18, 1975 to January 19, 1976 was valid and legal, notwithstanding noncompliance with the provisions of the act.
Under the act plaintiff, as a veteran, could only be dismissed or removed for "good cause shown," after a fair and impartial hearing preceded by a written statement of charges. Absent such a procedure and finding of good cause for removal, he held his employment during good behavior.
After receiving notice of plaintiff's rights under the act, instead of immediately restoring him to his employment or filing and serving charges against him in connection with a dismissal or removal hearing, the township, by letter of February 6, 1976, stated that it was considering its earlier action a "suspension" without pay, "pending the outcome of an investigation which may or may not result in written charges and a hearing." It was not until plaintiff instituted this action to compel compliance with the act and after the court below, on March 12, 1976, so ordered, that the charges were filed and served and the hearing was held by the township committee.[1] On March 29, 1976 the original charges, as ordered by the court, were served on plaintiff. The statement of these charges provided that the township was treating plaintiff's original dismissal as a suspension pending the outcome of the hearing. More specific charges, directed by the court on plaintiff's motion, were sent to plaintiff on May 13, 1976. The township held the hearing on May 19, 1976. A delay in rendering its decision resulted in the issuance of a June 23, 1976 court order, on plaintiff's application, to the township to show cause as to why the matter should not be decided. The township's written decision was rendered July 22, 1976.
The township found plaintiff guilty of two of the five charges (Nos. 1 and 5). The effect of its decision was to uphold *158 his original dismissal, and his suspension without pay pending the hearing, as being "justified," and to direct that he not be reinstated to any position in the township.
Thereafter, plaintiff sought a review by the court below of his dismissal, together with other relief, including back pay. A de novo hearing on the record before the township committee was held by that court.
Among other things, the judge determined that plaintiff was guilty of charge No. 5  the "blacktop incident"  but was not guilty of the other charge (No. 1). No appeal has been taken from the not guilty finding. The judge also decided that dismissal of plaintiff from employment was warranted by reason of the blacktop incident, but that, apparently because of the township's failure to comply with the act before dismissing plaintiff, plaintiff was entitled to recover his net back pay  $3,586.45  without mitigation, from January 19, 1976 to July 22, 1976, the date of the township decision  "the official date of his dismissal." He also awarded plaintiff interest on the $3,586.45, at 8% a year from July 22, 1976, together with costs. He denied plaintiff any counsel fees.
This appeal and cross-appeal followed.
From our review of the record we are satisfied that there was ample credible evidence to support the trial judge's determination that plaintiff violated his duty as a public employee when he misused township property in connection with the blacktop incident (charge No. 5). Accordingly, the finding of guilt of that charge is affirmed. State v. Johnson, 42 N.J. 146 (1964).
However, although we conclude that "Good cause" existed to penalize plaintiff for such misconduct, we do not agree that dismissal was an appropriate sanction under the circumstances disclosed by the record in the case. In our view, a penalty less than dismissal is authorized by the act and should have been imposed. Our determination also requires a modification of the back pay award.

*159 I
A review of the facts relating to the blacktop incident, as well as plaintiff's prior record as an employee, is necessary in order to determine whether dismissal was warranted.
The blacktop incident occurred in August 1975, about four months prior to plaintiff's summary dismissal in December 1975. It involved plaintiff and two other Road Department employees  Hendershot and Van Camp  all of whom knowingly had acted in contravention of township policy. Plaintiff had greater employment seniority and was a higher paid employee than the others. He had once been an acting road supervisor. However, in August 1975 he was not a supervisor and indeed, as the court properly found, was not a working foreman.
It was Hendershot who suggested that the blacktop, which was in a township truck, be provided to a private gasoline service station located outside the municipality. No compensation was paid by the service station owner to plaintiff or the other employees in connection with the delivery of the blacktop in the township truck, or the unloading thereof at the station. After the township's "formal" dismissal of plaintiff on July 22, 1976, it held a hearing with respect to the involvement of Hendershot and Van Camp in the blacktop incident. As a result, they were suspended for only two days without pay and then returned to their employment. The grand jury found no cause to take any action after investigating the incident.
At the time of his initial summary dismissal and the later affirmance thereof by the township after the hearing, plaintiff was about 52 years of age and had worked for the Road Department for about 15 years. He was found innocent of four of the five charges involved in the present dismissal proceedings initiated by the township and found guilty of only the blacktop incident. Except for these charges, during the entire period of his employment with the township, he *160 had not been subjected to any official charge, reprimand, censure or penalty relating to his work.
We assume that the trial judge was correct in concluding that, compared to Hendershot and Van Camp, plaintiff's "greater seniority and former position as Acting Road Supervisor imposed on him a higher duty of loyalty to his employer," and that in the "eyes of his less tenured accomplices, his participation in the blacktop incident undoubtedly provided an undeserved aura of legitimacy to the affair." Thus, his violation justified a more severe sanction than that imposed on Hendershot and Van Camp.
Nevertheless, the incident itself was not so egregious in nature as to warrant the sanction of dismissal of an employee with 15 years of unblemished service, particularly in view of the light penalties imposed on the other two participants. We note that there was evidence, although not undisputed, that the kind of blacktop involved might not have been usable by the township at and after the time of delivery to the station.
For the foregoing reasons, we have concluded that the penalty of dismissal in this case is so utterly disproportionate to the offense and extreme as to make it arbitrary, unreasonable and contrary to substantial justice. See Feldman v. Irvington Fire Dep't, 162 N.J. Super. 177 (App. Div. 1978) (hereafter Feldman); Connelly v. Jersey City Housing Auth., 63 N.J. Super. 424, 428 (App. Div. 1960). Cf. Makwinski v. State, 76 N.J. 87 (1978).
We hold hereafter that the act authorizes a sanction less than dismissal or removal.
A more appropriate penalty, which we hereby impose in the exercise of our original jurisdiction, is a period of suspension of three months without pay. See Feldman, supra.

II
Although the act refers only to dismissal or removal proceedings, we have concluded that it impliedly authorizes *161 the suspension with or without pay of an employee covered thereby after written charges pertaining to the alleged good cause for removal have been served on him and pending their disposition at the hearing that is to follow. See Trap Rock Industries, Inc. v. Kohl, 59 N.J. 471, 489 (1971), cert. den. 405 U.S. 1065, 92 S.Ct. 1500, 31 L.Ed.2d 796 (1972); West New York v. Bock, 38 N.J. 500, 521 (1962); Russo v. Walsh, 18 N.J. 205, 210-212 (1955); Romanowski v. Jersey City Bd. of Ed., 89 N.J. Super. 38, 41 (App. Div. 1965). See also, Nicoletta v. North Jersey Dist. Water Supply Comm'n, 77 N.J. 145, 175-178 (1978) (concurring opinion of Pashman, J.) (hereafter Nicoletta); Ballurio v. Castellini, 29 N.J. Super. 383, 389-390 (App. Div. 1954).
We have also determined that the act impliedly permits, as here, a sanction less than dismissal or removal from employment after such a hearing if the employee is found guilty of the charges and the circumstances disclosed at the hearing, while falling short of "good cause" for removal, justify "good cause" for a lesser penalty. It is neither in the interest of the public nor the protected employee veteran that the sole choice be between removal from, and retention in, employment where the employee has been found guilty of some form of misconduct. Such a construction of the act would not further the legislative intent. See Russo v. Governor of New Jersey, 22 N.J. 156, 166-167 (1956); Russo v. Walsh, 18 N.J. 205, 210 (1955). See also, Nicoletta, supra, concurring opinion; 63 Am. Jur.2d, Public Officers and Employees, § 256 at 778.

III
We have concluded that the trial judge erred in granting back pay to plaintiff, under the circumstances of this case, notwithstanding his finding of good cause for dismissal. We also hold that plaintiff would not be entitled to the remedy, as such, of back pay for the period of his *162 illegal suspension  from January 19, 1976 to March 29, 1976, when the charges were served on him and he was officially suspended without pay  merely by reason of the fact that he was suspended in violation of the act.
There is no doubt that plaintiff's right to employment under the act during good behavior, and not to be removed or otherwise disciplined for reasons other than good cause and after notice and hearing, is a property right entitled to due process procedural protection. Nicoletta, supra, 77 N.J. at 154.
But where, as here, there has been a compliance with the act  by charges and a hearing  within a reasonable period of time after a dismissal or suspension in violation thereof, and the result of the hearing is a finding of guilt and a penalty of dismissal or suspension, the employee's rights under the act have been fully protected and vindicated. See Nicoletta, supra, 77 N.J. at 166-170 and concurring opinion, at 172-179. Compare McAleer v. Jersey City Incinerator Auth., 79 N.J. Super. 142, 148 (App. Div. 1963); North Bergen Tp. v. Civil Service Dept., 42 N.J. Super. 67 (App. Div. 1956); People v. McDonough, 131 Ill. App.2d 469, 268 N.E.2d 267 (App. Ct. 1971). Under such circumstances plaintiff is not entitled to back pay for the period of suspension or dismissal in violation of the act, either under N.J.S.A. 40A:9-172[2] or any other applicable law of this State. See Feldman, supra. See also, White v. North Bergen Tp., 77 N.J. 538 (1978); Miele v. McGuire, 31 N.J. 339, 348-352 (1960). Compare Graham v. Asbury Park, 69 N.J. Super. 256 (App. Div. 1961), aff'd 37 N.J. 166 (1962).

*163 IV
In view of our determination that plaintiff should have been suspended for three months without pay, rather than dismissed, the judgment must be modified to provide for such suspension for the period from January 19, 1976 through April 18, 1976. It will be recalled that January 19, 1976 was the date that his rights under the Act became effective.

V
The next question to be determined is whether plaintiff should be paid for the period from April 19, 1976 through December 31, 1976. We note that he no longer requests reinstatement to his position since, effective January 1, 1977, he was granted an ordinary disability retirement pension by the State Division of Pensions. Accordingly, he seeks the salary that he would have received had he worked from the date of his alleged illegal suspension to January 1, 1977.
In the event a municipal employee, such as plaintiff, has been vindicated by a judicial declaration that his suspension or dismissal was illegal, he generally is entitled to recover back salary, less earnings from other employment or like compensation. See White v. North Bergen Tp., supra; Feldman, supra. See also, Springfield Tp. v. Pedersen, 73 N.J. 1 (1977); N.J.S.A. 40A:9-172.
It has been held that where, as here, the result of an appellate determination is an affirmance of the finding of guilt of the charge, a dismissal has not been declared "illegal" because of lack of cause for the charge; and that, unlike the situation in which the court finds that the charge was unwarranted on the merits and the employee was an innocent victim, the mere modification of the penalty does not in itself vindicate the employee. It only affects the propriety of the penalty without removing the stigma of impropriety of his acts. Thus, it has been said, back pay is not mandated by N.J. *164 S.A. 40A:9-172 and similar statutes in a case where only the penalty is reduced. Rather, each case of that nature must be determined on equitable considerations that balance the interest of the employee against that of the public entity, which has not received the benefit of his services for which it may be required to pay. Feldman, supra.[3] See also White v. North Bergen Tp., supra.
So viewed, we are satisfied that plaintiff is entitled to a back pay award for the period during which he normally would have been reinstated  April 19, 1976 through December 31, 1976  less such amounts as he received as unemployment compensation during that period.[4] It is also appropriate that he be allowed interest at 8% per annum on the amount of such mitigated back pay from and after December 31, 1976  less such amounts as he received as McGrath v. Jersey City, 38 N.J. 31, 32 (1962), overruled in other respects by White, supra; Miele v. McGuire, supra.
The factual complex here differs substantially from that in Feldman, supra. The period of payment here is eight months, as opposed to 16 months in Feldman. The delay here involved was caused primarily by the township's failure to act more expeditiously in affording plaintiff his rights under the Act and its needless lack of regard for such rights. It acted only after it was required to do so by court order obtained by plaintiff, and it issued its decision after prodding by a court order. Under these circumstances we do not consider the one month's extension of the local hearing at plaintiff's request to be of such significance as to *165 warrant charging plaintiff therefor. In short, the equities preponderate in favor of plaintiff.
Although the unemployment compensation benefits plaintiff received are to be deducted by the township from the back pay due him, and in that sense "mitigates" that award, such benefits are not the kind of mitigation contemplated by law which would permit consideration of the allowance of counsel fees in connection with the proceedings below. See Perrella v. Jersey City Bd. of Ed., 51 N.J. 323, 343-344 (1968); Golaine v. Cardinale, 142 N.J. Super. 385, 402-404 (Law Div. 1976). Unlike earnings from other employment, the unemployment compensation benefits received by plaintiff during the period that he is awarded back pay are recoverable by the State from him, or where, as here, they are deducted from the award, from the township. Labor and Industry Dept. v. Smalls, 153 N.J. Super. 411 (App. Div. 1977); Caldwell v. Disability Insurance Div., 145 N.J. Super. 206 (App. Div. 1976).
We see no basis for disturbing the court's discretionary award of costs to plaintiff. N.J.S.A. 2A:15-59; R. 4:42-8(a); U.S. Pipe, etc. v. United Steelworkers of America, 37 N.J. 343, 355-356 (1962); Dolan Dining Co., Inc. v. Cooks', etc., Local No. 399, 128 N.J. Eq. 210, 212 (E. & A. 1940).
We have considered the contentions of the parties other than those discussed in this opinion, and find them to be without merit.

IV

CONCLUSION
The judgment must be modified to the extent required by this opinion.
The court below shall enter a judgment to the following effect: (1) suspending plaintiff from his employment without pay for the period January 19, 1976 through April 18, 1976; (2) ordering judgment in plaintiff's favor against the township *166 for an amount to be determined by the trial judge as follows: the amount of net back pay to which plaintiff would be entitled for the period from April 19, 1976 through December 31, 1976, less the aggregate unemployment compensation benefits he received during that period.[5] Interest at 8% a year on the amount so determined shall be allowed plaintiff from December 31, 1976, together with costs to be taxed, including the cost of the transcript of the administrative hearing; (3) no counsel fee shall be awarded plaintiff.
Before entering the judgment, the judge shall hold a hearing  unless the amount can be stipulated  to determine the amount to be awarded plaintiff under item (2) above.
No costs on this appeal.
We do not retain jurisdiction.
NOTES
[1] The township's consent to this order is of no significance. The order should have issued even without its consent.
[2] N.J.S.A. 40A:9-172 provides that whenever any municipal officer or employee shall be suspended or dismissed "and such suspension or dismissal shall be judicially determined to be illegal," he shall be entitled to recover his salary from the date of such suspension or dismissal.
[3] Although Feldman, supra, involved Civil Service employees, we see no reason for applying a different rule to plaintiff, whose employment rights are governed by the Veterans' Tenure Act, rather than a statute such as the Civil Service Act.
[4] The Unemployment Compensation Division granted plaintiff compensation, stating: "You were terminated from your job on 12-19-75 because your employer stated you used township equipment for personal use. There is not sufficient evidence to show willful misconduct on your part. You are available and seeking new work."
[5] It does not appear from the record that plaintiff had any earnings from other employment during the period here involved. We do not preclude proof at the hearing that he did receive such earnings, in further mitigation of the back pay award. Even if there is such evidence, however, we are satisfied that in this case the court below, in the exercise of its discretion, should not award plaintiff counsel fees. See Perrella v. Jersey City Bd. of Ed., supra: Mastrobattista v. Essex Cty. Park Comm'n, 46 N.J. 138, 150 (1965).