Reversed and remanded for a new trial limited to the allocation issue.

GREGORY SLATER, PETITIONER–RESPONDENT, v. BOARD OF EDUCATION OF RAMAPO–INDIAN HILLS REGIONAL HIGH SCHOOL DISTRICT, RESPONDENT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted December 5, 1989—Decided December 21, 1989.

Before Judges DEIGHAN, R.S. COHEN and BROCHIN.

*Green & Dzwilewski,* attorneys for appellant (*Allan P. Dzwilewski,* on the letter brief).

*Katzenbach, Gildea & Rudner,* attorneys for respondent (*Frances M. Merritt,* on the letter brief).

*Peter N. Perretti, Jr.,* Attorney General, attorney for State Board of Education (*Lori L. Chewkanes,* Deputy Attorney General, on the statement).

The opinion of the court was delivered by

R.S. COHEN, J.A.D.

█ A tenured local school employee may be suspended pending disposition of an indictment or of tenure charges that may lead to dismissal. *See Romanowski v. Bd. of Ed. of Jersey City,* 89 *N.J.Super.* 38 (App.Div.1965). If a tenure charge is preferred and filed with the school board, the board reviews it and the accompanying statement of supporting evidence, and any written statement submitted by the employee. The board then determines if there is probable cause for the charge. If there is, the board's certification to that effect is forwarded to the Commissioner of Education. *N.J.S.A.* 18A:6–11.

After certification of the charge, the board may suspend the employee with or without pay. If it is without pay, salary must resume after 120 days if the Commissioner has not made a "determination of the charge." *N.J.S.A.* 18A:6–14. A local school board employee may also be suspended if he is indicted, and *N.J.S.A.* 18A:6–8.3 provides that the suspension may be without pay.

█ Thus, a tenured employee may be suspended without pay only if indicted or if tenure charges have been preferred and certified to the Commissioner of Education. In all other circumstances, a suspension must be with pay.

█ Gregory Slater was a custodian employed by the Ramapo–Indian Hills Regional High School District. On April 13, 1987, Slater was arrested at the high school for sale of marijuana to an undercover police agent. On April 15, he was suspend-

ed from employment without pay, retroactive to April 14, because of his arrest. On May 11, Slater commenced this action before the Commissioner of Education for resumption of his salary. On July 26, the Bergen County Grand Jury indicted Slater. He entered a guilty plea to distribution of marijuana and was sentenced on November 6, 1987. As a result of his conviction he forfeited his employment. *N.J.S.A.* 2C:51–2a(1).

The matter proceeded to a hearing before an Administrative Law Judge on the parties' cross-motions for summary decision. The initial decision recommended a determination in favor of Slater on the thesis that since suspension was for arrest and not indictment and since the local school board took no further action following indictment, and since tenure charges were never made and certified, Slater was entitled to his salary from the date of suspension to the date of forfeiture of employment. The Commissioner of Education adopted the recommended decision, and the State Board of Education affirmed. We affirm in part and reverse in part.

The suspension of Slater's salary as of April 14, 1987, on account of his arrest violated *N.J.S.A.* 18A:6–8.3. However, the local school board could have renewed, reiterated or otherwise saluted its April resolution after Slater was indicted, and could then have lawfully stopped his salary. Without doubt, the board would have done so if it thought about the subject. A board which suspended Slater's pay upon arrest would surely have done so upon his indictment. The problem before us is the effect of the board's failure to take any action after indictment.

The board's April suspension of Slater was lawful, but it contained an improper term stopping his salary. The impropriety was cured by Slater's indictment in July—not retroactively, but from the date of indictment. In our view it exalts form over substance to require payment of Slater's salary after indictment because the local board failed to shuffle some papers. We therefore hold that if a school board passes a resolution validly suspending a tenured employee upon arrest,

but the accompanying suspension of salary is invalid because defendant has not been indicted or had tenure charges certified, subsequent indictment on the charges for which the employee was arrested will serve to legitimize the suspension of salary prospectively without further board action.

Affirmed in part, reversed in part, and remanded for the entry of an order requiring back pay to the date of indictment.