NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5458-18

GLENN CIRIPOMPA,

       Petitioner-Appellant,

v.

BOARD OF EDUCATION OF
THE BOROUGH OF BOUND
BROOK, SOMERSET COUNTY,

       Respondent-Respondent.

_____

APPROVED FOR PUBLICATION

February 26, 2021

APPELLATE DIVISION

Submitted December 15, 2020 – Decided February 26, 2021

Before Judges Fisher, Moynihan, and Gummer.

On appeal from the New Jersey Commissioner of
Education, Docket Nos. 5-1/15 and 89-5/17.

Mellk O'Neill, attorneys for appellant (Arnold M.
Mellk, of counsel; Edward A. Cridge, on the brief).

Apruzzese, McDermott, Mastro & Murphy, attorneys
for respondent Board of Education of the Borough of
Bound Brook (Robert J. Merryman, on the brief).

Gurbir S. Grewal, Attorney General, attorney for
respondent Commissioner of Education (Jaclyn M.
Frey, Deputy Attorney General, on the statement in
lieu of brief).

The opinion of the court was delivered by

GUMMER, J.S.C., (temporarily assigned)

Plaintiff appeals the Commissioner of Education's final administrative decision denying his claim for back pay for an unpaid suspension period that occurred before the resolution of tenure charges filed against him by the Board of Education of the Borough of Bound Brook, Somerset County. The Commissioner determined the Board could use unemployment benefits and payments from other employment plaintiff had received during the suspension period to offset outstanding back pay. We disagree that the Board could use unemployment benefits and reverse the Commissioner's decision in that respect. We otherwise affirm.

On July 17, 2014, the Board in accordance with the Tenure Employees Hearing Law, N.J.S.A. 18A:6-10 to -18.1, certified to the Commissioner of Education charges in a two-count complaint seeking plaintiff's termination from a tenured-teaching position. See N.J.S.A. 18A:6-11. Pursuant to N.J.S.A 18A:6-14, which permits a board to suspend a charged person without pay for 120 days, the Board suspended plaintiff without pay from the July 17, 2014 certification date to and including November 14, 2014. During that initial suspension period, plaintiff received unemployment benefits.

On October 20, 2014, an arbitrator found in the Board's favor only as to the first count, dismissed the second count, and, instead of termination,

imposed as a penalty a separate 120-day suspension without pay, which would have ended on March 9, 2015. Sometime after the first suspension period late in 2014, plaintiff began employment with a bus company as a driver. According to the undisputed testimony of the bus-company president and records of the bus company, plaintiff's bus routes took place at least in part during his normal school hours and he regularly worked hours that would have conflicted with his teaching-position hours. Plaintiff also worked as an umpire in 2015 and 2016 while he was suspended.

The Board filed a summary action to vacate the arbitration award. On January 8, 2015, the trial court found in favor of the Board, vacating the arbitration award in its entirety and remanding the matter for arbitration before a different arbitrator. The next day, plaintiff appealed that order and filed with the Commissioner a verified petition seeking reinstatement of his salary retroactive to November 15, 2014,[1] on the basis that the arbitrator's suspension had been vacated by the trial court's order and, thus, the Board's charges were not resolved within 120 days from certification as required by N.J.S.A. 18A:6-14.

On October 29, 2015, we reversed the trial court in the Board's summary action and reinstated the initial arbitration award. Bound Brook Bd. of Educ.

_____

[1] Plaintiff also sought emergent relief, which was denied.

A-5458-18

v. Ciripompa, 442 N.J. Super. 515 (App. Div. 2015), rev'd, 228 N.J. 4 (2017). The Board resumed payment of plaintiff's salary on November 1, 2015. Because the arbitration award was reinstated, plaintiff no longer had a claim for back pay from November 15, 2014, through March 9, 2015, the arbitration-ordered suspension, but maintained a claim for back pay from March 10, 2015, through October 31, 2015. Finding the arbitrator had incorrectly analyzed and improperly dismissed the second count of the complaint, the Supreme Court on February 21, 2017, reversed our decision, thereby vacating the arbitration award, and remanded the case for arbitration before a different arbitrator. Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 15-18 (2017).

On April 28, 2017, an administrative law judge issued an initial decision regarding plaintiff's petition, awarding plaintiff back pay from March 10, 2015, through October 31, 2015. Because plaintiff's claim for back pay for November 15, 2014, through March 9, 2015, was revived when the Supreme Court vacated the arbitration award, plaintiff filed a second verified petition seeking back pay for that time period.

On June 16, 2017, the second arbitrator issued a decision and award, finding in the Board's favor on both counts and terminating plaintiff from his position. That day, the Board stopped paying plaintiff's salary, which it had resumed paying on November 1, 2015.

On July 27, 2017, the Commissioner issued a final agency decision rejecting the administrative law judge's April 28, 2017 initial decision awarding plaintiff back pay from March 10, 2015, through October 31, 2015, because he believed due to the second arbitrator's decision, plaintiff's two petitions should be decided in one proceeding. He remanded the first petition and recommended plaintiff's petitions be consolidated.

After the petitions were consolidated and the parties conducted discovery, an administrative law judge on May 23, 2019, issued an initial decision granting the Board's request for a "summary decision." He found that plaintiff was not entitled to receive any back pay for the period September 1, 2014,[2] through June 16, 2017, because the amount of back pay plaintiff sought was less than the amount of mitigation to which the Board was entitled. The administrative law judge held that pursuant to N.J.S.A. 18A:6-14, the Board was entitled to deduct from the back-pay amount ($63,886) the amount of unemployment benefits plaintiff had received during his unpaid suspension ($16,514) and payments he had received after his initial suspension from "substitute" employment as a bus driver during the 2014-15 and 2015-16

---

[2] Plaintiff's statutory suspension began with the certification of charges against him on July 17, 2014. The administrative law judge stated that the statutory suspension "effectively" began on September 1, 2014, presumably the first pay period of the school year.

school terms ($46,335.44), including the summers of 2015 and 2016 ($4,509.65), and as an umpire ($3,105). The administrative law judge concluded that plaintiff's bus-driving job was "substitute" employment because plaintiff had obtained the bus-driving job in late 2014 after his statutory suspension; the bus-driving job during the school year was "inconsistent" with plaintiff's obligations to the Board, meaning that his working hours as a bus driver would have conflicted with his working hours as a teacher and he could not hold both jobs at the same time; and although the summer bus-driving hours did not conflict with his teaching obligations, the bus-driving job that plaintiff held in the summer was not separate employment but was the same continuous job[3] he had acquired in late 2014 – a job he could not have had if he was working as a teacher.

Plaintiff filed exceptions to that decision, arguing the administrative law judge had erred by using his unemployment benefits and bus-driver earnings to reduce his back-pay entitlement. The Commissioner noted that the "facts themselves are not in dispute" and found that the judge's "disposition of this case via summary decision was proper." The Commissioner concluded that

---

[3] The bus company president testified that the company did not hire summer employees. The administrative law judge found based on her testimony that "[i]nstead, the work is performed by the same drivers who work for the company during the school year."

N.J.S.A. 18A:6-14 permitted the Board to deduct from a back-pay calculation "'any sums received' during the 'period of suspension.'" Accordingly, the Commissioner adopted the administrative law judge's decision as the final decision, granted summary judgment in favor of the Board, and dismissed with prejudice plaintiff's claim for back pay.

In his appeal plaintiff does not assert any factual disputes that would render the summary decision improper. Cf. L.A. v. Bd. of Educ. of City of Trenton, Mercer Cnty., 221 N.J. 192, 203-05 (2015) (finding agency's summary decision was inappropriate when material factual disputes existed). The parties do not dispute the amount of back pay at issue or the amount of unemployment benefits and bus-driver or umpire payments plaintiff received. Plaintiff does not contest the use of the umpire payments to reduce the back-pay award. Instead, plaintiff challenges the Commissioner's legal determination that the Board could deduct the unemployment benefits and bus-driver payments from the back-pay award.

We generally apply a deferential standard when reviewing a final administrative-agency action. In re State & Sch. Emps. Health Benefits Comm'ns' Implementation of Yucht, 233 N.J. 267, 279 (2018). We consider whether the agency acted arbitrarily, capriciously, or unreasonably, specifically whether the agency's decision "conforms with relevant law," is

supported by "substantial credible evidence in the record as a whole," and reaches a conclusion based on a correct application of "the relevant law to the facts." Id. at 279-80. We review de novo an agency's statutory interpretation or legal determination. In re Ridgefield Park Bd. of Educ., 244 N.J. 1, 17 (2020).

The resolution of this appeal depends on the meaning of language contained in N.J.S.A. 18A:6-14. In addition to authorizing a board of education to suspend without pay a charged tenured teacher for 120 days pending a determination of a charge, N.J.S.A. 18A:6-14 establishes what salary-payment obligation a board has to a charged teacher pending resolution of the charge. The statute provides that if the arbitrator does not decide the charge within 120 days of certification of the charge, the board has to resume paying the charged teacher his "full salary," beginning the day after the initial statutorily-authorized 120-day suspension ends. N.J.S.A. 18A:6-14. From then

> [s]hould the charge be dismissed at any stage of the process, the person shall be reinstated immediately with full pay from the first day of such suspension. Should the charge be dismissed at any stage of the process and the suspension be continued during an appeal therefrom, then the full pay or salary of such person shall continue until the determination of the appeal. However, the Board of Education shall deduct from said full pay or salary any sums received by such employee or officers by way of pay or salary from any

> substituted employment assumed during such period of suspension. Should the charge be sustained on the original hearing or an appeal therefrom, and should such person appeal from the same, then the suspension may be continued unless and until such determination is reversed, in which event he shall be reinstated immediately with full pay as of the time of such suspension.
>
> [Ibid.[4]]

Our "paramount goal" in interpreting a statute is to determine the "Legislature's intent." DiProspero v. Penn, 183 N.J. 477, 492 (2005). To achieve that goal, "we start with the words the Legislature used." Simadiris v. Paterson Pub. Sch. Dist., ___ N.J. Super. ___, ___ (App. Div. 2021) (slip. op. at 7). In reviewing the Legislature's words, we follow the "bedrock assumption that the Legislature did not use 'any unnecessary or meaningless language.'" Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 586 (2013) (quoting Patel v. New Jersey Motor Vehicle Comm'n, 200 N.J. 413, 418-19 (2009)). We "must presume that every word in a statute has meaning

---

[4] We note that the Legislature in N.J.S.A 18A:6-14 spoke of "charge" in the singular, e.g., "[s]hould the charge be dismissed at any stage of the process and the suspension be continued during an appeal there from, then the full pay or salary of such person shall continue until the determination of the appeal." This case involved two charges. In his decision, the first arbitrator found that the Board had proven the first charge but dismissed the second charge because he believed the Board had not met its burden of proof as he applied the law. During the appeals of that decision, plaintiff remained suspended. Thus, despite the procedurally complexities of the case, the parties do not dispute that N.J.S.A. 18A:6-14 applies.

and is not mere surplusage," <u>In re Attorney Gen.'s "Directive on Exit Polling: Media & Non-Partisan Pub. Int. Grps."</u>, 200 N.J. 283, 297-98 (2009), and we "give effect to every word" so that we do not "construe the statute to rend part of it superfluous," <u>Medical Soc'y of N.J. v. New Jersey Dep't of  Law & Pub. Safety</u>, 120 N.J. 18, 26-27 (1990).  We also "ascribe to the statutory words their ordinary meaning and significance."  <u>DiProspero</u>, 183 N.J. at 492.

Although the procedural history of this case is complicated, the language of the statute is clear.  The Legislature determined that a board of education "shall deduct from said full pay or salary any sums received by such employee or officers <u>by way of pay or salary from any substituted employment</u> assumed during such period of suspension."  N.J.S.A. 18A:6-14 (emphasis added).  The Commissioner disregarded the language we emphasized above as demonstrated by his final decision in which he replaced that important language with an ellipsis, stating:  "[b]ecause the statute plainly requires that 'any sums received . . . during such period of suspension' must be deducted from the back pay owed, the unemployment benefits received by the petitioner during the 120-day unpaid suspension must be deducted."  Relying on that partial quote, the Commissioner ignored the express language of the statute limiting the board's deduction authority based on the source of the sums received by the employee. The Legislature did not authorize boards to deduct <u>any</u> sums received during

10

the period of suspension – which is how the Commissioner applied the statutory language – but any sums the employee received "by way of pay or salary from any substituted employment assumed during such period of suspension."

Unemployment benefits are not "pay or salary from any substituted employment." Unemployment is not "substituted employment"; it isn't employment at all. Unemployment benefits are not "pay or salary." "[U]nemployment compensation is a benefit conferred by the Legislature." Self v. Bd. of Rev., 91 N.J. 453, 460 (App. Div. 1982).

The Board's fear that plaintiff will be made "more than whole" if the Board does not deduct the unemployment benefits is baseless. Plaintiff asserts that he is not seeking back pay for the initial 120-day suspension period when he received unemployment benefits. Defendants do not dispute that assertion. The Board's reliance on City of Newark v. Copeland, 171 N.J. Super. 571 (App. Div. 1980), and Willis v. Dyer, 163 N.J. Super. 152 (App. Div. 1978), is misplaced because those cases did not involve a tenured teacher and, thus, did not address N.J.S.A 18A:6-14, the statute that governs this case.

If the Legislature wanted to authorize boards to deduct from back-pay calculations unemployment benefits, it could have and would have included "unemployment benefits" in the language of N.J.S.A. 18A:6-14. Instead, it

expressly limited the deductions to any sums the employee received "by way of pay or salary from any substituted employment assumed during such period of suspension." Id. Applying the actual and complete statutory language, we find that the Commissioner erred in concluding that the Board could deduct the unemployment benefits from the back-pay calculation.

We find no error in the Commissioner's determination that plaintiff's employment as a bus-driver, during the school years and in the summer, and as an umpire was "substituted employment" plaintiff assumed during his period of suspension in accordance with the language of N.J.S.A. 18A:6-14 and consistent with the Legislature's intent. Credible evidence in the record, which was undisputed, supported the factual conclusions that plaintiff began the bus-driving job in late 2014 after the initial statutory suspension; his working hours as a bus driver would have conflicted with his working hours as a teacher and he could not have held both jobs at the same time, rendering the bus-driving job "inconsistent" with plaintiff's teaching-position obligations; and the bus-driving job that plaintiff held in the summer was not separate employment but was the same continuous job he had acquired in late 2014. Given those facts, the Commissioner reasonably concluded that the bus-driving job was "substitute employment."

A-5458-18

In sum, we find that the Commissioner erred in finding the Board could deduct the unemployment compensation from the back-pay award but correctly held that the Board could deduct the bus-driver and umpire payments. The Board may deduct from the amount of pay plaintiff should have received between the end of the statutory suspension and the reinstatement of his salary ($63,886) the payments he received as a bus driver ($50,845.09) and an umpire ($3,105) because those payments constitute sums received "by way of pay or salary from any substituted employment assumed during such period of suspension." Thus, plaintiff is entitled to a back-pay award of $9,935.91.

Reversed in part; affirmed in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5458-18